211 Cal.App.3d 1598 (1989)
260 Cal. Rptr. 305
THERESA F. GAGNON et al., Plaintiffs and Appellants,
v.
CONTINENTAL CASUALTY COMPANY, Defendant and Appellant.
Docket No. H001168.
Court of Appeals of California, Sixth District.
July 14, 1989.
*1600 COUNSEL
Michael C. Weber for Plaintiffs and Appellants.
Jack W. Londen and Morrison & Foerster for Defendant and Appellant.
[Opinion certified for partial publication.[*]]
OPINION
CAPACCIOLI, Acting P.J. 

Statement of the Case
Plaintiff Theresa F. Gagnon and her husband Milton L. Gagnon (the decedent) sued defendant Continental Casualty Company (Continental) for compensatory and punitive damages arising from Continental's termination of the decedent's benefits under a disability insurance policy. They alleged causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, fraud, and violations of Insurance Code section 790.03.[1] Milton Gagnon died prior to trial, and *1601 thereafter plaintiff prosecuted the action both as executrix of his estate and in her individual capacity. After a trial, the jury found that Continental had breached its fiduciary duty toward the decedent and violated section 790.03, subdivision (a) [issuing a misleading brochure] and subdivision (h)(7) [unfair settlement attempts]. It awarded plaintiff $70,000 for her emotional distress due to the Insurance Code violations and $2.5 million in punitive damages due to these violations and the breach of fiduciary duty.
On appeal, Continental claims the award of damages for emotional distress must be reversed because plaintiff lacked standing as an individual to assert violations of the Insurance Code. It also claims the award of punitive damages must be reversed because the trial court misinstructed the jury on punitive damages. In addition, Continental claims there is no substantial evidence that it acted with the intent necessary to warrant punitive damages, its conduct did not proximately cause any actual damages so as to support an award of punitive damages, and the claims on which punitive damages were based were legally unfounded, barred by the statute of limitations, and unsupported by substantial evidence. It also claims the court erred in awarding plaintiff attorney's fees incurred in obtaining the disability benefits that were withheld. Finally, it claims plaintiff's counsel was guilty of prejudicial misconduct and the punitive damage award was excessive as a matter of law.
Plaintiff filed a cross-appeal and claims the trial court erred in denying her request for prejudgment interest and in ruling that her claim for breach of the implied covenant of good faith and fair dealing was subject to a two-year statute of limitations.
We affirm the judgment insofar as it establishes plaintiff's right to punitive damages in her representative capacity and awards attorney's fees. However, we reverse the award of compensatory and punitive damages and remand the matter for further proceedings consistent with our opinion.
.... .... .... .... .... .[*]

II. Was there misinstruction on punitive damages? Yes.

(1a) Continental contends the trial court erred in refusing to instruct the jury that punitive damages must bear a reasonable relationship to the injury or damages suffered and in instructing the jury that punitive damages *1602 could be awarded to plaintiff in both her representative and individual capacities. We agree.

A. Was a "reasonable relationship" instruction required? Yes.

(2a) The decision to award punitive damages is exclusively the function of the trier of fact. (Egan v. Mutual of Omaha Ins. Co. (1979) 24 Cal.3d 809, 821 [169 Cal. Rptr. 691, 620 P.2d 141]; Ferraro v. Pacific Fin. Corp. (1970) 8 Cal. App.3d 339, 351 [87 Cal. Rptr. 226].) So too is the amount of any punitive damage award. (Ibid.) The relevant considerations are the nature of the defendant's conduct, the defendant's wealth, and the plaintiff's actual damages. (Neal v. Farmers Ins. Exchange (1978) 21 Cal.3d 910, 928 [148 Cal. Rptr. 389, 582 P.2d 980]; see Rest.2d Torts, § 908, coms. b, c, and e, pp. 464-466.) Also relevant are whether the defendant's conduct has affected or is likely to affect more than the plaintiff and whether punitive damages previously have been imposed for the same conduct. (See Moore v. American United Life Ins. Co. (1984) 150 Cal. App.3d 610, 636-637 [197 Cal. Rptr. 878]; Vossler v. Richards Manufacturing Co. (1983) 143 Cal. App.3d 952, 968-969 [192 Cal. Rptr. 219]; Delos v. Farmers Insurance Group [1979] 93 Cal. App.3d [642] at pp. 666-667 [155 Cal. Rptr. 843]; see also Downey Savings & Loan Assn. v. Ohio Casualty Ins. Co. (1987) 189 Cal. App.3d 1072, XXXX-XXXX [234 Cal. Rptr. 835]; Grimshaw v. Ford Motor Co. (1981) 119 Cal. App.3d 757, 812 [174 Cal. Rptr. 348].)
(3a) Concerning the actual harm to the plaintiff, California has long followed the rule that punitive damages must bear a reasonable relation to the actual injury suffered.[4] (Russell v. Dennison (1873) 45 Cal. 337, 342; Liodas v. Sahadi (1977) 19 Cal.3d 278, 284 [137 Cal. Rptr. 635, 562 P.2d 316]; Palmer v. Ted Stevens Honda, Inc. (1987) 193 Cal. App.3d 530, 541 [238 Cal. Rptr. 363].) (2b) The proper proportion punitive damages should bear to the injury suffered is also a question for the jury to determine (Guillory v. Godfrey (1955) 134 Cal. App.2d 628, 633 [286 P.2d 474]), and as a result, the defendant is entitled to an appropriate instruction. (Brewer v. Second Baptist Church (1948) 32 Cal.2d 791, 802 [197 P.2d 713]; Rosener v. *1603 Sears, Roebuck & Co. (1980) 110 Cal. App.3d 740, 751 [168 Cal. Rptr. 237]; Wetherbee v. United Insurance Co. (1968) 265 Cal. App.2d 921, 934 [71 Cal. Rptr. 764]; Palmer v. Ted Stevens Honda, Inc., supra, 193 Cal. App.3d at p. 541.) Accordingly, BAJI No. 14.71, Seventh edition 1986, the standard punitive damage instruction, provides, in relevant part, "In arriving at any award of punitive damages, you are to consider the following: [¶] (1) The reprehensibility of the conduct of the defendant, [¶] (2) The amount of punitive damages which will have a deterrent effect on the defendant in the light of defendant's financial condition, [¶] (3) That the punitive damages must bear a reasonable relation to the actual damages."
(1b) Here, Continental requested BAJI No. 14.71, but the trial court refused to include the "reasonable relation" language. The court apparently was concerned that because the instruction required a reasonable relation between punitive and compensatory damages but plaintiff in her representative capacity was not entitled to compensatory damages either for further disability benefits or emotional distress (See Prob. Code, § 573, subd. (c)), the jury might feel compelled to keep the amount of punitive damages low.
(3b) (See fn. 5.), (1c) To allay this concern, Continental proposed modifying the BAJI language to say that "punitive damages must bear a reasonable relation to the actual harm or injury," rather than to the "actual damages."[5] The court rejected this modification, but erred in doing so.
(4) Obviously compensatory damages are a convenient measure of the injury or damages suffered by a plaintiff. Consequently, the "reasonable relation" rule is usually applied by calculating the ratio between the amount of the punitive and compensatory damages. (See, e.g., Devlin v. Kearny Mesa AMC/Jeep/Renault, Inc. (1984) 155 Cal. App.3d 381, 393-396 [202 Cal. Rptr. 204].) This method is simple, appears to be objective, and has been called a "yardstick" (Burnett v. National Enquirer, Inc. (1983) 144 Cal. App.3d 991, 1011 [193 Cal. Rptr. 206, 49 A.L.R.4th 1125]) and a "useful tool" (Vossler v. Richards Manufacturing Co., supra, 143 Cal. App.3d at p. 969). But although some courts view a high ratio as presumptive evidence *1604 of an excessive award (See, e.g., Rosener v. Sears Roebuck & Co., supra, 110 Cal. App.3d at p. 752; Wetherbee v. United Ins. Co. of America, supra, 265 Cal. App.2d at p. 933), the case law strongly suggests that a ratio in and of itself has little inherent meaning. Thus, for example, a ratio of 32.7 to 1 has been found unreasonable (Zhadan v. Downtown L.A. Motors, supra, 66 Cal. App.3d 481) while ratios of 190.5 to 1 (Wetherbee v. United Ins. Co. of America (1971) 18 Cal. App.3d 266 [95 Cal. Rptr. 678]) and even 2,000 to 1 (Finney v. Lockhart (1950) 35 Cal.2d 161 [217 P.2d 19]) have been found reasonable. These examples also illustrate that even a comparison of ratios in other cases does not provide a reliable means of determining a "reasonable relation."
Furthermore, as the trial court recognized, the ratio method becomes troublesome, if not unworkable, where, as here, the plaintiff is not entitled to an award of compensatory damages (see also, e.g., Esparza v. Specht, supra, 55 Cal. App.3d 1 [no actual damages above amount of cross-claims]); or where the plaintiff obtains only equitable relief (see, e.g., Topanga Corp. v. Gentile (1967) 249 Cal. App.2d 681 [58 Cal. Rptr. 713]); or where the plaintiff recovers only nominal damages (see, e.g., Contento v. Mitchell (1972) 28 Cal. App.3d 356 [104 Cal. Rptr. 591]). Nevertheless, we conclude that in being sensitive to the problem of applying the ratio method in this case, the trial court confused the method with the underlying rule it was meant to serve.
Despite the pervasive use of the ratio method, our Supreme Court long ago opined that there is no fixed ratio by which to determine the reasonableness of the relationship between punitive damages and the actual harm suffered. (Finney v. Lockhart, supra, 35 Cal.2d at p. 164.) Consistent with this comment is the generally accepted view that the calculation of punitive damages does not involve strict adherence to a rigid formula but instead involves "a fluid process of adding or subtracting depending on the nature of the acts and the effect on the parties and the worth of the defendants." (Walker v. Signal Companies, Inc. (1978) 84 Cal. App.3d 982, 998 [149 Cal. Rptr. 119]; Rosener v. Sears, Roebuck & Co., supra, 110 Cal. App.3d at p. 751; Devlin v. Kearny Mesa AMC/Jeep/Renault, Inc., supra, 155 Cal. App.3d at pp. 388, 390.) In the final analysis, therefore, the propriety and amount of punitive damages depends entirely upon the particular facts of a case. (3c) Thus, to meaningfully apply the "reasonable relation" rule, the trier of fact (and reviewing court) should not focus on some bottom-line amount of an award of compensatory damages but on the nature and degree of the actual harm suffered by the plaintiff (and perhaps others). (See Seeley v. Seymour (1987) 190 Cal. App.3d 844, 868 [237 Cal. Rptr. 282].) This focus most directly promotes the purpose of the rule, which the Supreme Court explained as follows: "[E]ven an act of considerable *1605 reprehensibility will not be seen to justify a proportionally high amount of punitive damages if the actual harm suffered thereby is small." (Neal v. Farmers Ins. Exchange, supra, 21 Cal.3d at p. 928.) With the focus on the plaintiff's injury rather than the amount of compensatory damages, the rule can be applied even in cases where only equitable relief is obtained or where nominal damages are awarded or, as here, where compensatory damages are unavailable.
(5) We further note that although the purpose of punitive damages is to punish and set an example, the purpose of the "reasonable relation" rule is to guard against excessive punitive damage awards, that is, to insure that the punishment is not disproportionate to the harm suffered. (Finney v. Lockhart, supra, 35 Cal.2d at p. 164; Russell v. Dennison, supra, 45 Cal. at p. 342; Vossler v. Richards Manufacturing Co., supra, 143 Cal. App.3d at p. 969.) Since a jury may impose excessive punitive damages in any sort of case, there is no reason the rule should not apply in every case where punitive damages are sought and available.
We are aware that contrary to our analysis, the use note to the recently modified BAJI No. 14.71 states that there is "uncertainty in the law as to whether the jury should consider the relationship between actual and punitive damages in assessing punitive damages or whether only the judge should deal with this issue in post trial motions." (BAJI No. 1471 (7th ed. 1988 pocket pt.) pp. 36-38.)[6] However, the "uncertainty" alluded to is derived from cases in which the actual damage award was zero or nominal. As discussed above, such cases may render the ratio method inappropriate, but they do not make the "reasonable relation" rule less applicable.
(3d) In light of our discussion, we conclude that even where, as here, punitive but not compensatory damages are available to the plaintiff, the defendant is entitled to an instruction that punitive damages must bear a reasonable relation to the injury, harm, or damage actually suffered by the plaintiff and proved at trial. (1d) Consequently, the trial court erred in failing to so instruct the jury. We further conclude the error was prejudicial because it gave the jury unlimited discretion to punish Continental without regard for whether its award of punitive damages was proportional, or bore a "reasonable relation" to, the actual harm and injury Continental's conduct caused. (Rosener v. Sears, Roebuck & Co., supra, 110 Cal. App.3d at p. 153; Wetherbee v. United Insurance Co. of America, supra, 265 Cal. App.2d at p. 934; see Palmer v. Ted Stevens Honda, Inc., supra, 193 Cal. App.3d at pp. 541-542.)
*1606 .... .... .... .... .... .[*]

Disposition
The judgment is affirmed insofar as it awards attorney's fees to plaintiff and finds her entitled to punitive damages in her representative capacity. However, the award of compensatory and punitive damages is reversed and the matter remanded for further proceedings consistent with this opinion. The parties are to bear their own cost on appeals.
Cottle, J., and Elia, J., concurred.
A petition for a rehearing was denied August 3, 1989.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, only the Statement of the Case, section IIA and the Disposition are ordered published.
[1] Unless otherwise specified, all further statutory references are to the Insurance Code.
[*] See footnote, ante, page 1598.
[4] This rule is not universal and has been questioned by various commentators. (See Annot. (1951) 17 A.L.R.2d 527, 548-550, § 9; Mallor & Roberts, Punitive Damages: Toward A Principled Approach (1980) 31 Hastings L.J. 639, 666-667; Dobbs, Remedies (1973) pp. 210-211; Note, Punitive Damages and the Reasonable Relation Rule: A Study in Frustration of Purpose (1978) 9 Pacific L.J. 823; Note, Exemplary Damages in the Law of Torts (1957) 70 Harv.L.Rev. 517, 530-531.)

Some courts view the rule as requiring a reasonable relation to punishment and deterrence. (Betts v. Allstate Ins. Co. (1984) 154 Cal. App.3d 688, 712 [201 Cal. Rptr. 528]; Zhadan v. Downtown L.A. Motors (1976) 66 Cal. App.3d 481, 499 [136 Cal. Rptr. 132].) In our view, however, an appropriate and reasonable measure of punishment and deterrence can only be determined in relation to the actual harm suffered by the plaintiff.
[5] It is settled that punitive damages cannot be awarded unless actual damages are suffered. (Mother Cobb's Chicken T., Inc. v. Fox (1937) 10 Cal.2d 203, 206 [73 P.2d 1185]; Esparza v. Specht (1976) 55 Cal. App.3d 1, 6 [127 Cal. Rptr. 493]; Civ. Code, § 3294; see 6 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 1369, p. 836.) This rule is based on the principle that the defendant must have committed a tortious act, i.e., an actionable wrong causing injury or damage, before punitive damages may be assessed. (Clark v. McClurg (1932) 215 Cal. 279, 282 [9 P.2d 505, 81 A.L.R. 908]; James v. Public Finance Corp. (1975) 47 Cal. App.3d 995, 1000-1001 [121 Cal. Rptr. 670].) However, an actual award of compensatory damages is not necessary; rather the plaintiff need only prove that he or she suffered damages or injury. (Ibid.; Carr v. Progressive Casualty Ins. Co. (1984) 152 Cal. App.3d 881, 892 [199 Cal. Rptr. 835]; see 6 Witkin, supra, § 1371, pp. 837-838.)
[6] The instruction was modified to conform to changes in Civil Code section 3294 and neither the instruction nor the code section are applicable in this case.