760 F.Supp. 1283 (1991)
In re AIR CRASH DISASTER AT SIOUX CITY IOWA ON JULY 19, 1989.
William BANKS, Individually and as Representative of the Estate of Lois Banks, Decedent, et al., Plaintiffs,
v.
UNITED AIRLINES, INC., et al., Defendants.
Master File No. MDL-817, No. 90 C 7300.
United States District Court, N.D. Illinois, E.D.
February 11, 1991.
*1284 James L. Craig, Law Offices of Sanford M. Gage, Beverly Hills, Cal., for plaintiffs, William Banks, et al.
Jonathan S. Morse, Kern & Wooley, Los Angeles, Cal., for defendant, Parker Hannifin Corp.
Philip H. Corboy, Francis Patrick Murphy, Corboy & Demetrio, P.C., Lead Counsel, Kevin M. Forde, Kevin M. Forde, ltd., Liaison Counsel, Chicago, Ill., for plaintiffs in MDL-817.
John W. Adler, Fred C. Begy III, Richard A. Walker, Adler, Kaplan & Begy, Chicago, Ill., for defendant United Airlines.
Steven L. Hogan, Bryan, Cave, McPheeters & McRoberts, Los Angeles, Cal., Norman J. Barry, Daniel Cummings, Alan S. Madans, Rothschild, Barry & Myers, Chicago, Ill., for defendant McDonnell Douglas.
H. Blair White, Charles W. Douglas, Sara J. Gourley, Sidley & Austin, Chicago, Ill., for defendant General Elec.

MEMORANDUM OPINION AND ORDER
CONLON, District Judge.
In this action arising from an air crash at Sioux City, Iowa, plaintiffs William Banks, Jennifer Banks and Tracy Wilde (collectively, "plaintiffs") sue in their individual capacities and on behalf of the estate of Lois Banks, a passenger who was killed in the air crash. Plaintiffs sue United Airlines, Inc., McDonnell Douglas Corporation, General Electric Corporation and Parker Hannifin Corporation under theories of negligence, recklessness, strict liability, breach of warranty and breach of contract. Defendant Parker Hannifin Corporation ("Parker Hannifin") moves to dismiss Counts Twelve, Thirteen and Sixteen under Fed.R.Civ.P. 12(b)(6). Parker Hannifin also moves to strike certain portions of the complaint pursuant to Fed.R.Civ.P. 12(f). In the alternative, Parker Hannifin moves for a more definite statement. Fed.R.Civ.P. 12(e).

BACKGROUND
On a motion to dismiss, the court accepts as true the well-pleaded factual allegations of the complaint and views those allegations in the light most favorable to the plaintiff. Gillman v. Burlington Northern R.R. Co., 878 F.2d 1020, 1022 (7th Cir.1989). On July 19, 1989, United Airlines Flight 232 from Denver to Chicago crashed during an attempted emergency landing at Sioux City, Iowa. Complaint ¶ 27. The crash resulted from engine failure and a loss of hydraulic power. Id. Of the 296 passengers on board, 111 were killed in the crash. Id. ¶ 50. The aircraft, owned and operated by United Airlines, was a DC-10 manufactured by McDonnell Douglas. Id. ¶¶ 14-15. General Electric manufactured the aircraft's engines; Parker Hannifin manufactured the hydraulic system installed in the airplane. Id. ¶¶ 18-19. The hydraulic system was manufactured at Parker Hannifin's Control Systems Division in Irvine, California.[1] Parker Hannifin maintains its principal place of business in Ohio. Parker Hannifin's brief on applicable state law at 2.
Plaintiffs' decedent, Lois Banks, was a fare-paying passenger aboard Flight 232. Complaint ¶ 20. Prior to the accident, Lois Banks resided in Colorado with her husband William Banks. Plaintiffs' brief on applicable state law at 2. One of Lois' two daughters, Jennifer Banks, resides in California. Complaint ¶ 2. The other daughter, Tracy Wilde, lives in Colorado. Id. ¶ 3. Plaintiffs originally filed this action in the Central District of California. The case was transferred to this court for pretrial purposes by order of the Judicial Panel on Multidistrict Litigation.

DISCUSSION

I. Parker Hannifin's Motion to Dismiss Counts Twelve, Thirteen and Sixteen
Pursuant to Fed.R.Civ.P. 12(b)(6), Parker Hannifin moves to dismiss the punitive *1285 damages claims in Counts Thirteen and Sixteen. Parker Hannifin also invokes Rule 12(b)(6) in moving to dismiss Count Twelve, for breach of warranty.
Generally, the federal system of notice pleading does not favor dismissal for failure to state a claim. Gray v. Dane County, 854 F.2d 179, 182 (7th Cir.1988). However, dismissal is proper if it appears beyond doubt that a plaintiff can prove no set of facts in support of her claim that would entitle her to the relief requested. Illinois Health Care Ass'n v. Illinois Dep't of Public Health, 879 F.2d 286, 288 (7th Cir. 1989), citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

A. Applicable State Law

A federal court ordinarily applies the choice of law principles of the state in which it sits. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). When a case is transferred, the transferee court must apply the choice of law rules of the state where the transferor court sits. Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); In re Air Crash Disaster Near Chicago ("Air Crash"), 644 F.2d 594, 610 (7th Cir.), cert. denied, 454 U.S. 878, 102 S.Ct. 358, 70 L.Ed.2d 187 (1981). California courts favor application of California law wherever possible:
Generally speaking, the forum will apply its own rule of decision unless a party litigant timely invokes the law of a foreign state. In such event he must demonstrate that the latter rule of decision will further the interest of the foreign state and therefore that it is an appropriate one for the forum to apply to the case before it.
Bernhard v. Harrah's Club, 16 Cal.3d 313, 128 Cal.Rptr. 215, 217, 546 P.2d 719 cert. denied, 429 U.S. 859, 97 S.Ct. 159, 50 L.Ed.2d 136 (1976). At the court's request, the parties briefed the choice of law issues governing plaintiffs' claims for punitive damages and breach of warranty. Both parties contend that California law applies to these claims. Accordingly, the court applies California law.

B. Punitive Damages

California does not permit punitive damages in wrongful death actions. Air Crash, 644 F.2d at 607, citing Tarasoff v. Regents of the University of California, 17 Cal.3d 425, 131 Cal.Rptr. 14, 33, 551 P.2d 334 (1976). Thus, insofar as plaintiffs assert wrongful death claims as Lois Banks' heirs, they may not claim punitive damages. However, under California Probate Code § 573, the personal representative of a decedent may recover punitive damages in certain circumstances. Section 573(c) provides:
Where a person having a cause of action dies before judgment, the damages recoverable by his or her personal representative are limited to the loss or damage the decedent sustained or incurred prior to death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived but not including any damages for pain, suffering, or disfigurement.
Plaintiffs argue that William Banks, as Lois Banks' personal representative, may recover punitive damages under this provision. Parker Hannifin contends that section 573 does not authorize punitive damages in this case.
Relying on the language of section 573(c) and California common law, Parker Hannifin constructs the following argument. Section 573 limits available damages to actual losses the decedent sustained prior to death, including any punitive damages, but excluding damages for pain, suffering or disfigurement. The complaint alleges that prior to her death, Lois Banks was aware of the impending crash and suffered mental and emotional distress, anguish, physical pain and discomfort. Complaint ¶ 57. Section 573(c) clearly prevents a personal representative of the decedent from recovering damages for pain and suffering sustained prior to death. The complaint does not allege any other loss Lois Banks sustained prior to her death.[2] Thus, plaintiffs *1286 have not alleged any compensatory damages recoverable under Probate Code § 573. Furthermore, it is well established that under California law, punitive damages may not be assessed absent compensatory damages. Gagnon v. Continental Casualty Co., 211 Cal.App.3d 1598, 260 Cal.Rptr. 305, 307 n. 5 (1989); Fuhrman v. California Satellite Systems, 179 Cal. App.3d 408, 231 Cal.Rptr. 113, 123 (1986); A. Esparza v. Specht, 55 Cal.App.3d 1, 127 Cal.Rptr. 493 (1976). Therefore, under the circumstances of this case, plaintiffs may not recover punitive damages under section 573(c).
Plaintiffs counter this forceful argument by pointing out that had Lois Banks lived, she would have been able to recover punitive damages in a personal injury suit based on products liability. Grimshaw v. Ford Motor Co., 119 Cal.App.3d 757, 174 Cal.Rptr. 348, 383 (1981). Plaintiffs quote selectively from Grimshaw in an attempt to sway the court toward their position. However, the Grimshaw opinion, when read in context, actually undermines plaintiffs' theory. In Grimshaw, the heirs of a woman killed in an automobile accident sought punitive damages in a wrongful death action against Ford Motor Company under a theory of strict products liability. The court reiterated the well-settled principle that punitive damages are not recoverable in wrongful death suits. Id. Cal.Rptr. at 395. The court then explained:
Punitive damages are, however, recoverable in an action under Probate Code section 573 by the personal representative of the decedent's estate if the decedent survived the accident, however briefly, or if the property of the decedent was damaged or lost before death ... but a claim for punitive damages will not lie if death occurs simultaneously with the infliction of the injury.

Id. at 395 and 397 (emphasis added), citing Stencel Aero Engineering Corp. v. Superior Court, 56 Cal.App.3d 978, 128 Cal. Rptr. 691, 695-96 (1976); and Pease v. Beech Aircraft Corp., 38 Cal.App.3d 450, 113 Cal.Rptr. 416, 422 (1974).
Thus, where an accident results in death, the time of death is a critical factor in determining whether punitive damages may be recovered under section 573. The Stencel and Pease air crash cases illustrate this point. In Pease, punitive damages were prohibited under section 573 because the aircraft's pilot and passengers allegedly died simultaneously (at the time of the crash) with the loss of or damage to their personal property. Pease, 38 Cal.App.3d at 459-60, 113 Cal.Rptr. at 422. In Stencel, however, the administratrix of the decedent's estate alleged that prior to death, $200 worth of the decedent's personal property was destroyed.[3] The Stencel court concluded that this allegation was sufficient to support a claim for $10 million in punitive damages. In distinguishing Pease, the Stencel court stated:
On its face, the count alleged that the underlying loss of the decedent's "personal property" occurred "prior to his death." We deem this an allegation of ultimate fact which was effective, for purposes of pleading ... to establish that a cause of action for the loss arose in favor of the decedent "prior to his death" (and not "simultaneously" with the death, as in Pease), that it survived him, that it was properly pleaded by his personal representative, and that she was entitled to plead punitive damages upon it and to prove such damages if she can.
Stencel, 56 Cal.App.3d at 987, 128 Cal.Rptr. at 695. Of course, the administratrix bore the burden of proving that an interval of *1287 time elapsed between the property damage loss and the death of the decedent. Id. 128 Cal.Rptr. at 696.
In sum, Grimshaw, Stencel and Pease demonstrate that punitive damages are not available under section 573 unless (1) the decedent survived the accident, if only for a moment; or (2) the decedent suffered loss or damage to personal property before death. In the present case, the complaint fails to allege either of these criteria. Thus, punitive damages are foreclosed under California law. Counts Thirteen and Sixteen are dismissed as to Parker Hannifin.[4]

C. Breach of Warranty

Count Twelve charges Parker Hannifin with breach of express and implied warranties of fitness for the hydraulic system's intended use and purpose. Complaint ¶ 113. Plaintiffs now represent that they have abandoned their claim for breach of express warranty; they proceed solely on the theory of breach of implied warranty of fitness for a particular purpose. Plaintiffs' response at 9. Parker Hannifin moves to dismiss this claim on the ground that Lois Banks, a passenger aboard Flight 232, was not in privity with Parker Hannifin. Plaintiffs argue that privity is not required to maintain an action for breach of implied warranty of fitness.
With certain exceptions not applicable here, privity between plaintiff and defendant remains a requirement for actions based upon implied warranty of fitness under California law. Huang v. Garner, 157 Cal.App.3d 404, 203 Cal.Rptr. 800, 808-09 (1984); Rodrigues v. Campbell Industries, 87 Cal.App.3d 494, 151 Cal.Rptr. 90, 93 (1978); Anthony v. Kelsey-Hayes Co., 25 Cal.App.3d 442, 102 Cal.Rptr. 113, 116 (1972). Where there is no contention of privity between the parties on the face of the complaint, the court may properly grant a motion to dismiss a claim based on breach of implied warranty. Huang, 203 Cal.Rptr. at 809, citing Kelsey-Hayes, 102 Cal.Rptr. at 116. Plaintiffs attempt to circumvent the privity requirement by invoking the exception for employees who are injured while using equipment purchased by their employers. See Peterson v. Lamb Rubber Co., 54 Cal.2d 339, 347, 5 Cal.Rptr. 863, 353 P.2d 575 (1960). Because Lois Banks was a passenger on Flight 232, and not an employee, this exception does not apply here. Moreover, this court declines to extend Peterson's employee-employer rationale to Lois Banks' relationship with United Airlines as a passenger. Accordingly, plaintiffs' claim for breach of implied warranty of fitness in Count Twelve is dismissed.

II. Parker Hannifin's Motion to Strike Portions of the Complaint

A. Allegations Regarding Pre-Death Pain and Suffering

Parker Hannifin moves to strike all allegations in the complaint that refer to Lois Banks' pre-death pain and suffering. As previously discussed, damages for pain, suffering and disfigurement are not recoverable in actions brought pursuant to section 573 of the California Probate Code. However, plaintiffs also sue under the California wrongful death statute. See Cal. Code of Civil Procedure § 377(a) ("Any action brought pursuant to the provisions of Section 573 of the Probate Code may be joined with an action arising out of the same wrongful act or neglect brought pursuant to the provisions of this section [for wrongful death]"). The wrongful death statute authorizes recovery of "such damages ... as under all the circumstances of the case, may be just, but shall not include damages recoverable under Section 573 of the Probate Code." Id. Since damages for pre-death pain and suffering are expressly prohibited under section 573 of the probate code, they are recoverable pursuant to the plain language of the wrongful death statute. Thus, Parker Hannifin's motion to strike all allegations of pre-death pain and suffering is denied.

*1288 B. Claim for Attorney's Fees

Plaintiffs' prayer for relief requests, among other things, attorney's fees. However, California law does not authorize recovery of attorney's fees unless specifically provided for by statute or agreement of the parties. Cal.Code of Civil Procedure § 1021. Plaintiffs have failed to come forward with a basis for their attorney's fees claim. Accordingly, Parker Hannifin's motion to strike plaintiffs' claim for attorney's fees is granted pursuant to Fed.R.Civ.P. 12(f).

CONCLUSION
Parker Hannifin's motion to dismiss Counts Twelve and Sixteen is granted. In addition, Count Thirteen is dismissed as to Parker Hannifin. Parker Hannifin's motion to strike certain portions of the complaint is granted in part and denied in part. Plaintiffs' claims for attorney's fees are stricken pursuant to Fed.R.Civ.P. 12(f). The allegations regarding pre-death pain and suffering shall not be stricken. Parker Hannifin's motion for a more definite statement is denied as moot.
NOTES
[1] The complaint does not state where the hydraulic system was manufactured. However, Parker Hannifin's brief on the applicable state law explains, in its discussion of the operative facts, that the hydraulic components are manufactured in California. See Parker Hannifin's brief on governing state law at 2. For the limited purpose of determining which state law governs this motion to dismiss, the court accepts the parties' representations in their briefs as to the operative facts.
[2] Plaintiffs cannot add allegations to the complaint merely by stating in their response that "although not directly pled, the decedent suffered a loss of personal property to include her clothing, luggage and its contents, all prior to her death." Response at 3.
[3] The personal property lost in the accident consisted of a wallet, a small "kit" containing personal articles, and a watch worn on the decedent's wrist. Stencel, 56 Cal.App.3d at 987, 128 Cal.Rptr. at 696 n. 6. This personal property was damaged when the pilot of the aircraft activated the ejection device, which blasted him out of the aircraft. Id. The pilot's parachute thereafter failed to open, and he was killed upon impact with the ground  a matter of seconds after his personal belongings were damaged. Id.
[4] Although Count Thirteen is captioned as "against all defendants for punitive damages," the substantive allegations in Count Thirteen refer solely to the conduct of McDonnell Douglas. On this basis alone, Count Thirteen appears defective as against Parker Hannifin.