SEAWELL, J.
 

 Plaintiff corporation brought this action to enjoin alleged unfair competition of defendants and to secure damages, compensatory and exemplary, by reason of the alleged unfair practices of defendants. Plaintiff sells chicken turnovers or pies under the name of Mother Cobb’s Chicken Turnovers, Inc. Defendants, according to the complaint and findings, opened a place of business selling a turnover or pie under the name Mother Karl’s Chicken Pies, Inc. Defendants, Harvey Fox and Mrs. Harvey Fox, his wife, stipulated that an injunction might be entered against them as prayed for. It is stated that they had abandoned the use of the name Mother Karl’s Chicken Pies, Inc. The court found that plaintiff had suffered no actual damages but awarded it judgment against defendant Harvey Fox alone for $500 exemplary damages. From this judgment Fox appeals on the judgment roll. He contends that having denied compensatory damages, the court was without right to award exemplary damages.
 

 According to the findings, which follow the allegations of the complaint, defendant Harvey Fox called at plaintiff’s plant on February 18, 1935, and upon his representation that he might be interested in purchasing an interest in plaintiff’s business, he was given all details of the business, including the ingredients used in plaintiff’s turnovers and the names of many of plaintiff’s customers. On March 3, 1935, upon
 
 *205
 
 plaintiff’s refusal to accede to defendant’s request to assign him a certain territory to sell plaintiff’s products, he threatened to open a place of business of his own. On March 7, 1935, “with the avowed purpose of unfairly competing with plaintiff and to take from plaintiff the customers who would normally transact business with plaintiff”, defendant Harvey Fox “opened a place of business, calling it ‘Mother Karl’s Chicken Pies, Inc.’, and selling a turnover which is of the same size, and shape and containing substantially the same type of ingredients as the turnovers of plaintiff, and which turnover to all external appearances is identical with plaintiff’s product and which turnover is packed in a glassine envelope of the same size and shape as plaintiff’s”. The defendants’ envelope is marked “Mother Karl’s”.
 

 The court found that the use of the word “Mother” and “Mother Karl’s” is so similar to the use of the trade name of plaintiff, “as to be, and it is so misleading to the public”. The court further found, following the allegations of the complaint, that defendant Harvey Fox opened his place of business under the name Mother Karl’s with the avowed purpose of unfairly competing with plaintiff and to cause confusion in the minds of the purchasing public. But in finding VIII as to the purpose of defendant Harvey Fox to cause confusion in the minds of the public, a line is drawn through the words “and it does cause”, thereby deleting said words.
 

 Having made the above finding as to the acts and intent of Fox, the court made the following finding as to actual damages: “It is not true that by reason of the acts aforesaid the plaintiff had suffered actual damages, ether than seminal damages.”- This is an express finding that plaintiff has not suffered any actual damages. In view of this finding, the court was without right to award exemplary damages. The rule is stated in
 
 QiTham
 
 v.
 
 Devereaux,
 
 67 Mont. 75 [214 Pac. 606, 33 A. L. R 381], with annotation at page 384, as follows: “The foundation for the recovery of punitive or exemplary damages rests upon the fact that substantial damages have been sustained by the plaintiff. Punitive damages are not given as a matter of right, nor can they be made the basis of recovery independent of a showing which would entitle the plaintiff to an award of actual damages. Actual damages must be found as a predicate for exemplary damages. This is the rule announced in many authorities. ...” This case
 
 *206
 
 lias been cited with approval in this state in
 
 Clark
 
 v.
 
 McClurg,
 
 215 Cal. 279 [9 Pac. (2d) 505, 81 A. L. R 908],
 
 Haydel
 
 v.
 
 Morton, 8
 
 Cal. App. (2d) 730 [48 Pac. (2d) 709], and in
 
 Chavez
 
 v.
 
 Times-Mirror Co.,
 
 72 Cal. App. 694, 697 [237 Pac. 1085]. In
 
 Haydel
 
 v.
 
 Morton, supra,
 
 the most recent of the cited eases, the jury returned a verdict for plaintiff in an action for slander in the following form: “We the jury find a verdict for the plaintiff and against the defendant on said count and assess the compensatory damages in the sum of $00; we assess the exemplary damages at $10,000; making a total verdict for the plaintiff in the sum of $10,000.” The appellate court reversed the judgment based on this verdict, citing
 
 Gilham
 
 v.
 
 Devereaux, supra,
 
 and
 
 Clark
 
 v.
 
 MeClurg, supra.
 

 A different rule is not to be applied in this ease because the court, on stipulation of defendants, granted an injunction against their use of the name “Mother Karl’s”. Notwithstanding the consent injunction decree the rule applicable is, as declared frequently, that punitive damages are never more than an incident to a cause of action for actual damages, and, when allowed, are allowed only in addition to recovered actual damages.
 

 We know of no rule of law that would authorize the imposition of a penalty upon competition, even though the competitor was actuated by spiteful motives to engage in competition against another, where no damage, as here, resulted from said competition. The acts complained of, though actuated by spiteful or resentful motives, did not, as expressly found, result in any damage to plaintiff. Evil thoughts or acts, barren of result, are not the subject of exemplary damages.
 

 We are not concerned with the question as to whether the acts complained of were sufficient to entitle the plaintiff to injunctive relief, inasmuch as defendants stipulated that the injunction might issue against them.
 

 The judgment for exemplary damages is reversed.
 

 Curtis, J., Langdon, J., Edmonds, J., Shenk, J., and Waste, C. J., concurred.