[L. A. No. 21189.   In Bank.   Apr. 19, 1950.]

ROBERT WILLIAM FINNEY, Respondent, v. JAMES
LOCKHART, Appellant.

Howlett & Elson and Eugene M. Elson for Appellant.

Richard K. Gandy and Robert G. Cockins for Respondent.

SHENK, J.—This is an appeal by the defendant from a judgment entered on a verdict awarding $1.00 general and $2,000 exemplary damages. The question presented is the asserted excessiveness of the award of exemplary damages. The appeal is taken on the judgment roll. To obtain a review of the claim of excess by this method the defendant concedes that the factual allegations in the complaint are true. Originally other defendants were joined, but the action as to them was dismissed on their motion for nonsuit after the plaintiff rested. The trial continued and the case was submitted to the jury as against the defendant Lockhart alone. The alleged facts will be stated briefly to indicate the nature of the action as against him.

The plaintiff conducted a retail pet food merchandising business known as Boulevard Dog Food Store in the city of Santa Monica, Los Angeles County. He had a good reputation and a large patronage. The defendant operated the Canine Butcher Shop in the same county as a competitor of the plaintiff. For the purpose of injuring and destroying the plaintiff's business and his good reputation as a merchant, the defendant illegally and maliciously initiated and carried on a campaign through the use of artifice, intimidation, intrigue and defamation to cause purchasers of dog food in the vicinity to believe and understand that the plaintiff sold meat from slaughtered sick and diseased horses, that the meat sold by him was unfit for canine consumption, and that he was unworthy of patronage. The defendant's utterances to customers and the public were by both printed circulars and word of mouth. Specific instances and examples of the published utterances were alleged. The complaint contains allegations of malice and ill will of the defendant, the falsity of his published statements, and facts as to the claimed damages to the plaintiff's business, reputation and feelings. The plaintiff sought both compensatory and exemplary damages. The defendant moved for a new trial on the ground among others of excessive exemplary damages appearing to have been given under the influence of passion and prejudice. The motion was denied.

Section 3294 of the Civil Code permits the recovery of exemplary damages in actions for breach of an obligation

not arising from contract where the defendant has been guilty of oppression, fraud, or malice. Such damages are in addition to the actual damages and are given for the sake of example and by way of punishing the defendant.

It is not questioned that this is a proper case for the recovery of exemplary in addition to general damages. The code provision does not specify the proportion which the exemplary must maintain to the general damages. It is the defendant's contention that the decisional law of the state is that exemplary damages must bear a reasonable proportion to the actual damages awarded. He states that a review of the cases where the amount of exemplary damages has been declared excessive and a reduction ordered, indicates an approved proportion of not in excess of five to one. He urges that this court should declare the award of exemplary damages in the ratio of 2,000 to 1 to be excessive; that the amount of exemplary damages should be reduced to the sum of $5.00, or that the judgment should be reversed and the cause remanded for a new trial on the issue of exemplary damages alone with a direction that they should bear some reasonable proportion to the amount of actual damages awarded.

The difficulty with the defendant's position is that it oversimplifies the question. There is no applicable rule which would justify the result sought, at least in the absence of an opportunity afforded to the appellate court to review the entire record including the evidence, the rulings on the admission and rejection of evidence, and the instructions to the jury. ■ The plaintiff was not entitled to exemplary damages as of right. The award was in the discretion of the jury upon finding compensatory damages, where evidence of malice was also present. The verdict implied a finding that the plaintiff sustained actual damages. The award of exemplary damages confirmed the plaintiff's allegations of malice. ■ In an action for damages for defamation *per se*, which is the essence of this action, the law presumes general damages, and it has been declared unnecessary to segregate the exact or any proportion between the two classes of damages. (*Clark* v. *McClurg*, 215 Cal. 279 [4 P.2d 149, 9 P.2d 505, 81 A.L.R. 908] ; *McConathy* v. *Deck*, 34 Colo. 461 [83 P. 135, 7 Ann.Cas. 896, 4 L.R.A.N.S. 358] ; *State* v. *Shain*, 341 Mo. 733 [108 S.W.2d 351], $1.00 nominal damages, $4,000 exemplary damages; *Edwards* v. *Nulsen*, 347 Mo. 1077 [152 S.W.2d 28], $1.00 nominal damages, $25,000 exemplary damages, sustained; *cf.*,

*Mother Cobb's etc., Inc.* v. *Fox,* 10 Cal.2d 203 [73 P.2d 1185] and *Haydel* v. *Morton,* 8 Cal.App.2d 730 [48 P.2d 709], where in one case the court and in the other the jury found that no actual damages were suffered; Sedgwick, Damages, 9th ed., p. 697 et seq., 708-709; McCormick, Damages, § 83, note p. 432, citing *Clark* v. *McClurg, supra,* 215 Cal. 279.) The fact that the jury awarded only nominal damages in the compensatory class does not necessarily imply a finding that no more actual damage was sustained.

The reviewing court's power to declare an award of damages excessive exists only when from the facts the amount appears at first blush to suggest passion or prejudice on the part of the jury. There is no distinction when the review is of an award of exemplary rather than actual damages. (*Varcoe* v. *Lee,* 180 Cal. 338, 341 [181 P. 223]; *Scott* v. *Times-Mirror Co.,* 181 Cal. 345, 366-367 [184 P. 672, 12 A.L.R. 1007]; *Livesey* v. *Stock,* 208 Cal. 315, 322 [281 P. 70]; 15 Am.Jur. p. 738, § 297.) These and other cases indicate that it is the province of the jury, and the trial court on the motion for a new trial, to say whether punitive damages should be awarded. The presumptions are in favor of the correctness of the verdict and judgment. After an award has been approved by the trial court the reviewing court will hesitate to declare the amount excessive unless upon consideration of the entire record including the evidence it must be said that the award was the result of passion or prejudice. (See *Brewer* v. *Second Baptist Church,* 32 Cal.2d 791, 801 [197 P.2d 713]; *Pickwick Stages* v. *Board of Trustees,* 54 Cal.App. 730 [215 P. 558]; *Singleton* v. *Singleton,* 68 Cal.App.2d 681, 704 [157 P.2d 886].)

The rule that the exemplary should bear a reasonable relation to the actual damages is only for the purpose of guarding against excess. (*Brewer* v. *Second Baptist Church, supra,* 32 Cal.2d at p. 802, citing *Wilkinson* v. *Singh,* 93 Cal.App. 337 [269 P. 705], and *Plotnik* v. *Rosenberg,* 55 Cal.App. 408 [203 P. 438]; see also *Farvour* v. *Geltis,* 91 Cal.App.2d 603 [205 P.2d 424]; *Booth* v. *Peoples Finance etc. Co.,* 124 Cal. App. 131, 144 [12 P.2d 50].) But these cases also state that there is no fixed ratio by which to determine the proper proportion between the two classes of damages. The presence of the influential factors on the amount of the damages cannot be disclosed except by the record of the trial proceedings including the evidence. The problem cannot be resolved by an inspection of the judgment roll alone. Therefore the basis for the determination of the question is not in the record. On

the present appeal it must be assumed that the evidence was substantial in support of the amount of the verdict and that the award was not given under the influence of passion or prejudice.

The judgment is affirmed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.