[Civ. No. 21445.    First Dist., Div. Three.    May 14, 1964.]

THERESA KLUGE et al., Plaintiffs and Appellants, v. CHARLES O'GARA et al., Defendants and Respondents.

---

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.

208

Vincent Hallinan, Carl B. Shapiro, Patrick Sarsfield Halli-
nan and Brian D. Rohan for Plaintiffs and Appellants.

Webster V. Clark, Alan C. Nelson, Rogers, Clark & Jordan,
Walcom & Harmon, Sedgwick, Detert, Moran & Arnold, Ed-
ward T. Moran, George E. Sayre, Hauerken, St. Clair, Zap-
pettini & Hines, John D. St. Clair, Edward McFetridge,
Carroll, Burdick, Davis & McDonough, Gilbert Eisenberg,
Bronson, Bronson & McKinnon, Ruffo & Oneto, Bledsoe,
Smith, Cathcart, Johnson & Rogers, Robert A. Seligson, Leo
J. Walcom, Bernard P. McCullough, Francis Carroll, Marcel
B. Poche and Paul Cyril for Defendants and Respondents.

DRAPER, P. J.—This action arises out of an earlier mal-
practice suit against an attorney, which in turn was based
upon dismissal of a still earlier action. Plaintiffs successfully
employed some eight attorneys to assert their original claims.
In 1950, one attorney filed an action for plaintiffs, and in
1953 withdrew therefrom. The eighth attorney was employed,
but failed to bring the case to trial. In 1958, the action was
dismissed for lack of prosecution. Plaintiffs then sued the
eighth attorney for malpractice, praying for $20,000 actual
damages, and for exemplary damages. It is conceded that
plaintiffs had judgment for the full amount sought as actual

damages, and that the judgment has been paid in full. This action was then commenced, naming all eight attorneys and others as defendants. The complaint alleges that defendants conspired to defeat plaintiffs' malpractice action against the one attorney, and that in the course of such conspiracy the seven earlier attorneys revealed information which they had received in their professional capacities from plaintiffs. The only allegation of damage is that "plaintiffs have been damaged in the sum of $50,000," that defendants' actions were wilful and malicious, and that the plaintiffs are entitled to exemplary damages of $100,000. The general demurrers of all defendants were sustained with leave to amend. After expiration of the time granted, plaintiffs requested that the order be modified to deny leave to amend. This was done, and judgment of dismissal was entered. Plaintiffs appeal.

It is apparent that plaintiffs, by themselves requesting modification of the order, declined the proffered leave to amend. It follows that we must assume that this complaint states their case as strongly as it can be stated (*Metzenbaum* v. *Metzenbaum*, 86 Cal.App.2d 750, 752 [195 P.2d 492]).

The decisive question is whether the complaint, so viewed, warrants award of any compensatory damages. ■ Exemplary damages in a substantial amount are prayed for, but such damages cannot be awarded in the absence of some actual or compensatory damages (*Mother Cobb's Chicken Turnovers, Inc.* v. *Fox*, 10 Cal. 2d 203, 205 [73 P.2d 1185]; *Haydel* v. *Morton*, 8 Cal.App.2d 730, 736 [48 P.2d 709]). ■ As a corollary, a complaint which shows affirmatively that no actual damages can be recovered is vulnerable to demurrer despite its allegation of and prayer for exemplary damages (*Sasser* v. *Miles & Sons Trucking Service*, 119 Cal.App.2d 239 [259 P.2d 488]; *Oppenheimer* v. *Deutchman*, 104 Cal.App.2d 165 [230 P.2d 873]).

Plaintiffs do not dispute these rules, and they admit recovery and receipt of the full amount alleged and prayed as actual damages in the earlier malpractice suit. They do assert that the alleged conspiracy to defeat their earlier malpractice action, even though it was unsuccessful, does entitle them to "nominal damages," and that such an award will support the award of exemplary damages.

But the problem is not disposed of by mere reference to the term "nominal damages." The language of the law is not free from the semantic ambivalence of words and phrases in general English usage. ■ The term "nominal damages" de-

scribes two types of award—a trifling or token allowance for mere technical invasion of a right, without actual damage; and the very different allowance made when actual damages are substantial, but their extent and amount are difficult of precise proof. (Black's Law Dictionary (3d ed.).)

This distinction has been recognized in the context of the problem here presented (*Sterling Drug, Inc.* v. *Benatar*, 99 Cal.App.2d 393, 400-401 [221 P.2d 965]). Punitive damages are not recoverable when no actual damage is suffered, but may be allowed when there is substantial actual damage, but the amount awarded is small ("nominal") only because of the difficulty in measurement (*id.*). *Sterling* gives full recognition to the rule that punitive damages may be awarded only when some actual damage exists, but adequately distinguishes decisions relied upon by plaintiffs which sustain an award of exemplary damages much larger than the compensatory award (e.g., *Sterling Drug, Inc.* v. *Benatar, supra*) or affirm award of punitive damages in an action for a publication defamatory per se, in which the law presumes actual damage (e.g. *Clark* v. *McClurg*, 215 Cal. 279 [4 P.2d 149, 9 P.2d 505, 81 A.L.R. 908]; *Finney* v. *Lockhart*, 35 Cal.2d 161 [217 P.2d 19]).

■ It appears from the complaint here that plaintiffs sought $20,000 actual damages in their malpractice action. They concede that they were awarded $20,000 for such damages and that the judgment has been paid in full. It follows that whatever defendants did to defeat the malpractice action caused no actual damage to plaintiffs. This established absence of actual damages removes all basis for award of exemplary damages. Since there can be no recovery, the demurrers were properly sustained (*Sasser* v. *Miles & Sons Trucking Service, supra*, 119 Cal.App.2d 239, 242).

Judgment affirmed.

Salsman, J., and Agee, J.,* concurred.

---

*Assigned by Chairman of Judicial Council.