[Civ. No. 30190. First Dist., Div. Three. Oct. 27, 1972.]

AURELIA CONTENTO, Plaintiff and Respondent, v.
THOMAS MITCHELL, Defendant and Appellant.

## COUNSEL

Anthony A. Lagorio for Defendant and Appellant.

Thorne, Clopton, Herz & Stanek and John E. Thorne for Plaintiff and Respondent.

## OPINION

**CALDECOTT, J.**—Respondent Aurelia Contento commenced this action for damages against appellant Thomas Mitchell, alleging that she had been slandered by appellant. Following a nonjury trial, the trial court awarded respondent $3,000 damages. In its conclusions of law, the court stated that the $3,000 was punitive damages. The appeal is from the judgment.

On the morning of June 4, 1969, appellant entered respondent's beauty salon, and in the presence of third parties, called respondent a "bitch" and a "thief." Later on the same day, appellant entered another business establishment, where in the presence of third parties, he called respondent a "whore." On the same day, appellant entered a restaurant, approached a woman with whom respondent had entered the restaurant, and to that third person called respondent "a dirty whore." The findings of facts stated that none of these statements were true and that all of the statements were made maliciously, wilfully, and intentionally.

The sole issue presented by this appeal is whether it is proper, in an action concerning slander per se, to award punitive damages without an express award of actual damages.

It is a well-settled rule that there can be no award of punitive damages without a finding of actual damages. (*Contractor's etc. Assn.* v. *Cal. Comp. Ins. Co.,* 48 Cal.2d 71, 77 [307 P.2d 626]; *Kluge* v. *O'Gara,* 227 Cal.App.2d 207, 209 [38 Cal.Rptr. 607].) This rule is based on the principle that the defendant must have committed a tortious act before

exemplary damages can be assessed. (*Brewer* v. *Second Baptist Church,* 32 Cal.2d 791, 801-802 [197 P.2d 713].)

■ However, it is equally well-settled that in an action for damages based on language defamatory per se, damage to plaintiff's reputation is conclusively presumed and he need not introduce any evidence of actual damages in order to obtain or sustain an award of damages. (*Hanley* v. *Lund,* 218 Cal.App.2d 633, 644-645 [32 Cal.Rptr. 733]; *Di Giorgio Fruit Corp.* v. *AFL-CIO,* 215 Cal.App.2d 560, 577 [30 Cal.Rptr. 350].)

■ It is respondent's position that because in an action for slander per se actual damages are presumed, it is a useless act to require a token award of nominal damages in order to support the award of punitive damages. We agree with respondent's position.

The case most closely in point is *Clark* v. *McClurg* (1932) 215 Cal. 279 [4 P.2d 149, 9 P.2d 505, 81 A.L.R. 908], also an action for defamation per se. In that case, the jury awarded $5,000 punitive damages, but failed to make any award of actual damages. The verdict read, " ' "We, the jury in the above-entitled action, find for the plaintiff and assess her damages in the sum of . . . . . . ($ . . . . . .) Dollars as actual damages and the sum of Five Thousand ($5,000.00) Dollars as punitive damages, making a total of Five Thousand ($5,000.00) Dollars, this 20th day of September, 1928." ' " (*Id.* at p. 281.) The Supreme Court upheld this verdict on appeal.

The Supreme Court in *Clark* agreed with respondent's contention that the law conclusively presumes actual damages follow the publication of a defamatory statement that is slanderous or libelous per se. The court stated that: " 'Actual damages being shown, it becomes essential to determine whether the money extent thereof must be found in order to sustain a finding of punitive damages. Upon this proposition the decisions are in hopeless conflict.' " (*Id.* at p. 282.) The court discussed this conflict in the authorities, and by its reasoning decided in favor of those cases holding an actual damages award is unnecessary to support a punitive damage award where actual damages are presumed by law. However, the court rested its decision on the following reasoning: " 'Respondent must, therefore, be held to have established her right to compensatory damages, and the fact that the jury, inadvertently or by some mischance, assessed the entire damages as exemplary, instead of segregating them, constitutes an error of form rather than of substance.' " (*Id.* at p. 284.) The court concluded: " 'We are disposed to liberally construe the verdict in this case as a general verdict covering all of respondent's damages, both actual

and punitive, rather than strictly as an erroneous verdict. The judgment should not be reversed because of the form of the verdict. (Const., art. VI, § 4½.)' " (*Id.* at p. 285.)

The court distinguished its set of facts from the cases of *Hoagland* v. *Forest Park Highlands Amusement Co.,* 170 Mo. 335 [70 S.W. 878], and *Gilham* v. *Devereaux,* 67 Mont. 75 [214 P. 606, 33 A.L.R. 381], in which the form of the verdict indicated that the jury had expressly found the plaintiffs had not suffered any actual damage. Neither of these cases dealt with slander per se.*

In short, it appears that *Clark* v. *McClurg* may be read to hold that in an action for defamation per se, an award of punitive damages without an award of actual damages is a mere technical error of form in the verdict and will not be grounds for reversal.

Such a rule is supported by sound logic. There is no doubt that if an award of nominal damages is made in a case where malice is shown, an award of punitive damages is proper. (*Finney* v. *Lockhart,* 35 Cal.2d 161 [217 P.2d 19].) Thus from a logical standpoint, in cases of defamation per se, the legal presumption that plaintiff was damaged should of itself be sufficient to replace the proof-of-damage function of a nominal damage award. In fact, it has been said of nominal damages: "Nominal damages are awarded to a plaintiff where the evidence shows a breach of duty owed to him or an invasion of his legal rights, without showing that he has thereby sustained a material injury. A judgment for nominal damages must always involve a trivial sum. Such damages are damages in name only and not in fact; *they are the same as no damages at all. (Price* v. *McComish,* 22 Cal.App.2d 92, 100 [70 P.2d 978].)" (*Fairfield* v. *American Photocopy etc. Co.,* 138 Cal.App.2d 82, 87-88 [291 P.2d 194].) (Italics added.) Viewed in this manner, the only function of nominal damages is to indicate that the finder of fact has determined that the plaintiff has suffered an invasion of a legal right. If plaintiff's legal right has been invaded, an award of nominal damages is an idle formalism. Where the trier of fact has found the existence of slander per se, and has found the requisite malice in fact, an award of punitive damages is proper despite the absence of a specific award of nominal damages. An award of nominal damages, however, would avoid the problem presented by this appeal.

---

*A similar result was reached in *Mother Cobb's Chicken T., Inc.* v. *Fox* (1937) 10 Cal.2d 203 [73 Cal.Rptr. 1185] (unfair competition) and in *Haydel* v. *Morton* (1935) 8 Cal.App.2d 730 [48 P.2d 709] (malicious prosecution).

For the reasons discussed above, the trial court was not required to make an express finding that respondent suffered actual damages, and thus appellant's contention that the findings are uncertain must be rejected.

The judgment is affirmed.

Draper, P. J., and Brown (H. C.), J., concurred.