[No. A064055. First Dist., Div. Four. June 23, 1995.]

MIU LING CHEUNG et al., Plaintiffs and Respondents, v.
RON DALEY et al., Defendants and Appellants.

COUNSEL

Du Charme & Cohen and Matthew J. Cohen for Defendants and Appellants.

William Gwire for Plaintiffs and Respondents.

## OPINION

**POCHÉ, J.**—The issue presented is whether a jury can award exemplary damages when it has expressly determined that the plaintiffs were entitled to "0.00" compensatory damages. Our answer is No.

### BACKGROUND

The latest episode in a bitter and protracted dispute concerning a rundown residential property under the control of Ron Daley was a complaint in which neighbors to the property alleged that Daley had, in violation of the Uniform Fraudulent Transfer Act (Civ. Code, § 3439 et seq.), conveyed his interest in the parcel and another property to his mother in order to evade satisfying a nuisance judgment about to be obtained by the neighbors.[1] Among the various forms of relief sought by the neighbors were compensatory and exemplary damages.

---

[1]The neighbors did indeed receive a judgment against Mr. Daley for approximately $59,000 in compensatory and exemplary damages. That judgment was affirmed by this court (*Cheung v. Daley* (Feb. 20, 1992) A052729 [nonpub. opn.]). The neighbors' nuisance action followed

The case was tried to a jury. With respect to the issue of compensatory damages, plaintiffs argued that they should recover the approximately $44,000 of costs and unbilled attorney fees incurred in prosecuting the now completed nuisance action. The jury by special verdict found that "the total amount of compensatory damages to which all Plaintiffs are entitled" was "0.00." The jury further found that "in making the transfers of [the two properties] defendant Ron Daley acted with fraud, oppression or malice," for which they awarded plaintiffs exemplary damages of $92,000.[2] Plaintiffs accepted remittitur to $62,000 and judgment for this amount was entered. Daley and his mother perfected this timely appeal.[3]

## REVIEW

*Mother Cobb's Chicken T., Inc.* v. *Fox* (1937) 10 Cal.2d 203 [73 P.2d 1185] arose out of an action for unfair competition. The plaintiff alleged that the defendant had obtained proprietary and confidential information which he then used in a deceptive manner to the plaintiff's disadvantage. After the parties stipulated that an injunction could issue as prayed for, the trial court found that the plaintiff had suffered no actual damages but nevertheless awarded the plaintiff exemplary damages of $500. The Supreme Court reversed, holding as follows: " 'The foundation for the recovery of punitive or exemplary damages rests upon the fact that substantial damages have been sustained by the plaintiff. Punitive damages are not given as a matter of right, nor can they be made the basis of recovery independent of a showing which would entitle the plaintiff to an award of actual damages. Actual damages must be found as a predicate for exemplary damages.' . . . [¶] . . . [T]he rule applicable is, as declared frequently, that punitive damages are never more than an incident to a cause of action for actual damages, and, when allowed, are allowed only in addition to recovered actual damages. [¶] . . . The acts complained of, though actuated by spiteful or resentful motives, did not, as expressly found, result in any damage to plaintiff. Evil thoughts or acts, barren of result, are not the subject of exemplary damages." (*Id.* at pp. 205-206.)

In the ensuing years, however, the Courts of Appeal began upholding exemplary damage awards even if no compensatory damages were made, so

---

an abatement effort by local authorities. (See *City and County of San Francisco* v. *Daley* (1993) 16 Cal.App.4th 734 [20 Cal.Rptr.2d 256].)

[2]Plaintiffs had asked for at least $500,000. The jury found that Mr. Daley's mother, who had been joined as a defendant, was not guilty of fraud, oppression, or malice.

[3]Mrs. Daley's sole contention is that the trial court erred by adding a provision to the judgment making her jointly and severally liable with her son for the nuisance judgment. Our resolution of the appeal on a different point makes it unnecessary to consider this issue.

long as the record showed the defendant tortiously harmed the plaintiff. (See decisions discussed in *Jackson v. Johnson* (1992) 5 Cal.App.4th 1350, 1364-1369 [7 Cal.Rptr.2d 482] (dis. opn. of Johnson, J.).)[4] ■ Pointing to the jury's express determination that plaintiffs suffered "0.00" compensatory damages, Daley argues that the requisite foundation for awarding exemplary damages is absent. Pointing to the jury's express determination that Daley made fraudulent transfers, plaintiffs urge that this judgment for only punitive damages can and should be upheld.

It should initially be noted that the governing statute lends some support to Daley's position. "[W]here it is proven . . . that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, *in addition to the actual damages*, may recover damages for the sake of example and by way of punishing the defendant." (Civ. Code, § 3294, subd. (a), italics added.) "Damages" is defined by statute as "compensation . . . in money" (Civ. Code, § 3281). Our Supreme Court recently observed that "statutory and dictionary definitions of 'damages' share several basic concepts. Each requires there to be 'compensation,' in 'money,' 'recovered' by a party for 'loss' or 'detriment' it has suffered through the acts of another." (*AIU Ins. Co. v. Superior Court* (1990) 51 Cal.3d 807, 825-826 [274 Cal.Rptr. 820, 799 P.2d 1253], fns. omitted.) This language is strongly reminiscent of the excerpts from *Mother Cobb's Chicken T., Inc., v. Fox, supra*, 10 Cal.2d 203 quoted above.

In 1991 the court cited *Mother Cobb's Chicken* in support of its statement that "In California, as at common law, *actual damages are an absolute predicate for an award of exemplary or punitive damages*." (*Kizer v. County of San Mateo* (1991) 53 Cal.3d 139, 147, italics added.) Two years later the court quoted the heart of this passage when it reiterated that "punitive damages sometimes may be assessed . . . under Civil Code section 3294 . . . , *so long as 'actual, substantial damages' have been awarded* (see *Kizer v. County of San Mateo* (1991) 53 Cal.3d 139, 147. . . ['actual damages are an absolute predicate for an award of punitive damages'] . . .)." (*Potter v.*

---

[4]The approach adopted by the Courts of Appeal is exemplified by this statement: ". . . it is not essential that the jury award general damages for an award of punitive damages to be appropriate. All that is required is proof of a tort which is of such a nature as to warrant imposition of punitive damages." (*Wayte v. Rollins International, Inc.* (1985) 169 Cal.App.3d 1, 16 [215 Cal.Rptr. 59].) This approach was rejected in *Jackson*, where the jury trying a negligence action found that the plaintiff had suffered "0 dollars" actual damages, but nevertheless awarded $20,000 in punitive damages. Relying on *Mother Cobb's Chicken*, the reviewing court reversed. (*Jackson v. Johnson, supra*, 5 Cal.App.4th 1350, 1358-1359.)

*Firestone Tire & Rubber Co.* (1993) 6 Cal.4th 965, 1004 [25 Cal.Rptr.2d 550, 863 P.2d 795], italics added, citations omitted.)[5]

It thus appears that our highest court requires that any award of exemplary damages be accompanied by an express award of compensatory damages.[6]

For present purposes, we can and do assume that the evidence sustains the jury's finding that Daley "acted with fraud, oppression or malice." The point is, however, irrelevant in light of the jury's finding that plaintiffs suffered no compensable damages. "Evil thoughts or acts, barren of result, are not the subject of exemplary damages." (*Mother Cobb's Chicken T., Inc.* v. *Fox, supra*, 10 Cal.2d 203, 206.) Nor can that want be remedied, as plaintiffs urge, by reading the punitive damages award as a combined award with a compensatory damage element. Such a construction may be feasible in some circumstances[7] but not, as here, where explicit damage determinations made at the conclusion of bifurcated proceedings (Civ. Code, § 3295, subd. (d)) are irreconcilable. We therefore decline to follow decisions such as *James* v. *Public Finance Corp.* (1975) 47 Cal.App.3d 995 [121 Cal.Rptr. 670] (upholding verdict for $0 general damages & $1,750 punitive damages).

We conclude that the rule of *Mother Cobb's Chicken*—that an award of exemplary damages must be accompanied by an award of compensatory damages[8]—is still sound. That rule cannot be deemed satisfied where the jury has made an express determination not to award compensatory damages.

---

[5]It should be noted that these statements were made during a period when the court and the Legislature displayed increasing unease with how punitive damages were being awarded. (See *College Hospital Inc.* v. *Superior Court* (1994) 8 Cal.4th 704, 712-713 [34 Cal.Rptr.2d 898, 882 P.2d 894]; *Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1392 [241 Cal.Rptr. 67, 743 P.2d 1323].)

[6]In light of our decision to reverse the judgment, Daley's claim that the punitive damages are excessive is moot.

[7]For example, in *Clark* v. *McClurg* (1932) 215 Cal. 279 [9 P.2d 505, 81 A.L.R. 908], a jury in a defamation case returned a single verdict awarding $5,000 punitive damages but left blank the space for actual damages. Our Supreme Court upheld the verdict, noting: "The law presumes that general damages follow from the utterance or publication of matter slanderous or libelous *per se*. Hence where, as here, the publication is slanderous or libelous *per se*, and is false and unprivileged, a cause of action for actual or compensatory damages is conclusively established. . . . Respondent must, therefore, be held to have established her right to compensatory damages, and the fact that the jury, inadvertently or by some mischance assessed the entire damages as exemplary, instead of segregating them, constitutes an error of form rather than of substance." (*Id.* at p. 284, citations omitted.) The court went on to indicate that such a policy of liberally construing the verdict was to be distinguished from situations where "the jury, by its verdict, expressly found and determined that the . . . plaintiffs had *not* suffered any actual damages." (At p. 285, original italics.)

[8]Or its equivalent, such as restitution (*Ward* v. *Taggart* (1959) 51 Cal.2d 736 [336 P.2d 534]), an offset (*Esparza* v. *Specht* (1976) 55 Cal.App.3d 1 [127 Cal.Rptr. 493]), damages

The judgment is reversed. The parties shall bear the respective costs of appeal.

Anderson, P. J., and Perley, J., concurred.

A petition for a rehearing was denied July 20, 1995.

---

conclusively presumed by law (*Clark* v. *McClurg, supra*, 215 Cal. 279; cf. *Friddle* v. *Epstein* (1993) 16 Cal.App.4th 1649 [21 Cal.Rptr.2d 85]), or nominal damages (*Finney* v. *Lockhart* (1950) 35 Cal.2d 161 [217 P.2d 19]).