**Royal YATES, Plaintiff(s),**

v.

**Kinan NIMEH, et al., Defendant(s).**

**No. C07–0798 BZ.**

United States District Court,
N.D. California.

May 18, 2007.

Laurence F. Padway, Law Offices of Laurence F. Padway, Alameda, CA, for Plaintiffs.

Robert T. Sullwold, James A. Hughes, Sullwold & Hughes, San Francisco, CA, for Defendants.

Syed Zaidi, Hicksville, NY, Pro se.

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

ZIMMERMAN, United States Magistrate Judge.

Before me are defendants' motions to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted or, alternatively, for lack of subject matter jurisdiction.[1] For the reasons

---

1. All parties have consented to my jurisdiction pursuant to 28 U.S.C. § 636(c) for all pro- ceedings, including entry of final judgment.

set forth below, defendants' motions are **DENIED.**[2]

The lone claim remaining against defendants alleges a state law claim for breach of fiduciary duty—a claim plaintiff describes in his opposition as "essentially a state law claim for churning."[3] The investment account that was allegedly churned by defendants is the same account that was the subject of a prior case adjudicated before me.[4] On February 23, 2007, plaintiff acknowledged payment of $297,173.35, representing compensatory damages plus interest, as partial satisfaction of the judgment.[5] *See Yates v. GunnAllen Financial, et al.,* C05–1510 BZ, Civil Docket No. 190.[6] The punitive damage award is on appeal.

 Defendants argue that plaintiff's latest suit must be dismissed pursuant to the "single satisfaction" rule, which California follows.[7] The narrow issue before me is whether California's single satisfaction rule bars plaintiff from seeking punitive damages from these defendants based on their alleged involvement in the underlying fraud for which plaintiff has been made whole.[8]

**2.** Defendant Kinan Nimeh, through his counsel of record, filed his motion to dismiss on March 5, 2007. Defendant Syed Zaidi, acting pro per, filed his own motion on March 27, 2007. Zaidi asserted his intention to join in Nimeh's motion to dismiss "for all the reasons set forth therein." I therefore consider defendants' motions simultaneously.

**3.** In his opposition, plaintiff withdrew the two other claims that initially formed the basis of his complaint. These included a federal cause of action under the Securities Exchange Act of 1934 and a state law cause of action entitled "Unconscionability." With withdrawal of the federal claim, this Court's jurisdiction lies in diversity.

**4.** In the prior case, plaintiff sued GunnAllen Financial, Inc. and stockbroker Curtis Williams for their involvement in the churning his investment account. After a jury awarded him $240,382 in compensatory damages, $1,442,292 in punitive damages as to GunnAllen, and $120,191 in punitive damages as to Williams, plaintiff refused a remittitur of the punitive damage award against GunnAllen. A second trial solely on the amount of punitive damages resulted in a verdict of $586,000 in punitive damages as against GunnAllen.

**5.** Plaintiff admits that "GunnAllen Financial, Curtis Williams, and present defendants all were jointly responsible for the compensatory damages resulting from the churning of Mr. Yates' account," that all defendants are to be considered joint tortfeasors, and that he can collect no more compensatory damages on his churning claim. Pl's. Opp. at 2.

**6.** Defendant Nimeh requested that I take judicial notice of the court files relating to the prior litigation. These being matters of public record, and hearing no objection from plaintiff, I **GRANT** defendant Nimeh's request and take judicial notice of the files lodged with the Court in *Yates v. GunnAllen Financial, et al.,* C05–1510 BZ.

**7.** "An injured person is entitled to only one satisfaction of judgment for a single harm, and full payment of a judgment by one tortfeasor discharges all others who may be liable for the same injury." *Fletcher v. California Portland Cement Co.,* 99 Cal.App.3d 97, 99, 159 Cal.Rptr. 915 (1979); *see also In re Zelis,* 66 F.3d 205, 210 (9th Cir.1995) (discussing California law). The rule applies "whether a single judgment has been obtained against joint or concurrent tortfeasors, whether separate judgments of equivalent or disparate amounts have been obtained against tortfeasors, or whether no other judgment has been obtained against other tortfeasors." *Fletcher,* at 99, 159 Cal.Rptr. 915 (citing *Watson v. McEwen,* 225 Cal.App.2d 771, 774–775, 37 Cal.Rptr. 677 (1964) and *Winzler & Kelly v. Superior Court,* 48 Cal.App.3d 385, 392–393, 122 Cal.Rptr. 259 (1975)).

**8.** Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed if, as a matter of law, "a plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *Parks Sch. of Business, Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995). In deciding whether to dismiss a

Neither party cited case law directly on point, and I am aware of no controlling California precedent.[9] "A federal court should apply state law as it believes the highest court of the State would apply it." *Palmer v. Stassinos*, 419 F.Supp.2d 1151, 1155 (N.D.Cal.2005) (citing *Jones–Hamilton Co. v. Beazer Materials & Servs., Inc.*, 973 F.2d 688, 692 (9th Cir.1992)); *see also Cunningham v. Connecticut Mut. Life Ins.*, 845 F.Supp. 1403, 1411 (S.D.Cal.1994) ("If state law is unclear, the federal court is required to determine how state law will be construed if the question were before the state's highest court.").

▆▆▆ I conclude that under California law plaintiff's suit is not barred by the single satisfaction rule. First, it appears that only the complete satisfaction of a judgment will bring the single satisfaction rule into play. *See McCall v. Four Star Music Co.*, 51 Cal.App.4th 1394, 1398–99, 59 Cal.Rptr.2d 829 (1996) ("where fewer than all of the joint tortfeasors satisfy less than the entire judgment, such satisfaction will not relieve the remaining tortfeasors of their obligation under the judgment."). Inasmuch as the punitive damage judgment has not been satisfied, the single

satisfaction rule, if applicable at all, must be applied with caution.[10]

Indeed, California courts emphasize that the single satisfaction rule " 'is equitable in its nature, and . . . its purpose is to prevent unjust enrichment.' " *Milicevich*, 155 Cal.App.3d at 1003, 202 Cal.Rptr. 484 (quoting Prosser, *Joint Torts and Several Liability*, 25 Cal.L.Rev. 413, 422 (1937)); *see also McCall*, 51 Cal.App.4th at 1399, 59 Cal.Rptr.2d 829 (noting that the rule is designed to prevent double recovery); *Winzler*, 48 Cal.App.3d at 392, 122 Cal. Rptr. 259 ("the injured party can receive only one satisfaction for his injury"). There is no danger of double recovery here for, as plaintiff correctly argues, any verdict assigning defendants liability for plaintiff's compensatory damages will be offset so as to prevent plaintiff's unjust enrichment. *See Carr v. Cove*, (1973) 33 Cal.App.3d 851, 854, 109 Cal.Rptr. 449 ("Only one complete satisfaction is permissible, and, if partial satisfaction is received from one, the liability of others will be correspondingly reduced."); *Winzler*, 48 Cal.App.3d at 392, 122 Cal.Rptr. 259 (partial satisfaction "has the effect of a discharge pro tanto.") (internal quotations and citation omitted); *see, e.g., McGee*, 344

claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint, but may review materials which are properly submitted as part of the complaint and may take judicial notice of public records outside the pleadings. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir.2001).

**9.** Other jurisdictions are split on the issue. Compare those jurisdictions barring punitive damage claims against a joint tortfeasor subsequent to full satisfaction on a judgment, *see Bridgestone/Firestone North America Tire, L.L.C. v. Naranjo*, 206 Ariz. 447, 451, 79 P.3d 1206 (2003); *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 220 F.Supp.2d 1249, 1253–57 (N.D.Ala.2002); *Mike Loehr & Co., Inc. v. Wal–Mart Stores, Inc.*, 919 F.Supp. 244, 248 (E.D.Tex.1996); *Sprague, Levinson &*

*Thall v. Advest, Inc.*, 623 F.Supp. 11, 13 (D.C.Pa.1985) with those jurisdictions allowing such claims, *see Turner v. Firstar Bank, N.A.*, 363 Ill.App.3d 1150, 1158–59, 300 Ill. Dec. 927, 845 N.E.2d 816 (2006); *McGee v. Bruce Hospital System*, 344 S.C. 466, 472, 545 S.E.2d 286 (2001); *Sanchez v. Clayton*, 117 N.M. 761, 768, 877 P.2d 567 (1994); *Beerman v. Toro Mfg. Co.*, 1 Haw.App. 111, 118–19, 615 P.2d 749 (1980).

**10.** To rule otherwise would create the possibility that if the outstanding punitive damages judgment were reversed on legal grounds, such as that GunnAllen had not acted through an officer or managing agent, plaintiff could wind up with no punitive damages even though two juries have found conduct worthy of being punished and deterred.

S.C. at 472, 545 S.E.2d 286 (discussing the trial process on remand).

◼ Defendants argue that because an award of compensatory damages is a prerequisite to an award of punitive damages under California law, plaintiff's current claim must fail. *See, e.g., Cheung v. Daley,* 35 Cal.App.4th 1673, 42 Cal.Rptr.2d 164 (1995). The rule, however, is that an award of compensatory damages *or its equivalent* is a prerequisite to an award of punitive damages. *See id.* at n. 8; *see also Sole Energy Co. v. Petrominerals Corp.,* 128 Cal.App.4th 212, 238, 26 Cal.Rptr.3d 798 (2005) ("An award of actual damages, even if nominal, is required to recover punitive damages."). In other words, "[t]he requirement of 'actual damages' imposed by section 3294 is simply the requirement that a tortious act be proven if punitive damages are to be assessed." *Esparza v. Specht,* 55 Cal.App.3d 1, 6, 127 Cal.Rptr. 493 (1976).

Thus, where a claimant's award of compensatory damages was completely offset, he could still receive punitive damages.

*See Esparza,* 55 Cal.App.3d at 9, 127 Cal. Rptr. 493 (cited with approval in *Cheung,* 35 Cal.App.4th at 1677 n. 8, 42 Cal.Rptr.2d 164). Here, plaintiff has already demonstrated the commission of a tortious act, and may yet prove defendants' liability for some part of the damages arising therefrom. It does not follow that because plaintiff's compensatory damage claim may be completely offset, he is automatically precluded from recovering punitive damages against defendants.[11]

Because plaintiff's suit does not run afoul of California's single satisfaction rule, and because plaintiff's recovery of punitive damages against defendants is not barred as a matter of law, I decline to apply the single satisfaction rule in the manner encouraged by defendants.[12]

◼ Defendants' second argument—that this Court lacks subject matter jurisdiction—also fails. For any suit lying in diversity, plaintiff must demonstrate both complete diversity and that "the matter in controversy exceeds the sum or value of

---

**11.** Neither *Kluge v. O'Gara,* 227 Cal.App.2d 207, 38 Cal.Rptr. 607 (1964) nor *Jackson v. Johnson,* 5 Cal.App.4th 1350, 7 Cal.Rptr.2d 482 (1992) mandate dismissal of plaintiff's claim. After receiving full satisfaction on a judgment in malpractice, the *Kluge* plaintiff sued the former defendant and others alleging a conspiracy to undermine the earlier malpractice litigation. Noting that the plaintiff had recovered all damages prayed for in the prior litigation, the court sustained defendants' demurrers because "whatever defendants did to defeat the malpractice action caused no actual damage to plaintiffs." *Kluge,* 227 Cal.App.2d at 210, 38 Cal.Rptr. 607. The single satisfaction rule played no part in the court's decision, and the finding by the court that defendants caused no damage to plaintiff distinguishes it from the instant case. In *Jackson,* a jury awarded plaintiff with "$0" in actual damages but also awarded punitive damages. The court read the verdict as finding no actual loss-an element of malpractice-and therefore struck the punitive

damage award. *Jackson,* 5 Cal.App.4th at 1355–58, 7 Cal.Rptr.2d 482. The failure to prove up a valid claim and the express finding of no loss distinguishes *Jackson* from the present case.

**12.** For the first time in their reply, defendants argue that an award of punitive damages in this case would necessarily run afoul of the Constitutional due process requirement that punitive damages be "both reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered." *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 426, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003). Insofar as any trial in this matter would require a jury first to determine defendants' culpability for actual damages to plaintiff, *see McGee,* 344 S.C. at 472, 545 S.E.2d 286 (describing the trial process on remand), I cannot conclude as a matter of law that a punitive damage award in this case will offend the dictates of *State Farm.*

$75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "In calculating the amount in controversy, the Court must also consider punitive damages that plaintiff can recover as a matter of law." *Surber v. Reliance Nat. Indem. Co.*, 110 F.Supp.2d 1227, 1232 (N.D.Cal.2000). California allows for the recovery of punitive damages for breach of the fiduciary duty. *See* Cal. Civ.Code § 3294(a) (allowing recovery of exemplary damages "for the breach of an obligation not arising from contract"). And, as already discussed, plaintiff's claim for punitive damages is not barred.

Considering the large sums of punitive damages awarded in the previous litigation, plaintiff's request for $2,000,000 cannot be said to be in bad faith. I certainly cannot say "to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938).[13]

Plaintiff's claim is not barred by the single satisfaction rule. Nor does his complaint fail to meet the minimum amount in controversy requirement under 28 U.S.C. section 1332(a). While I remain troubled by the duplicative nature of this litigation, the only matters before me are defendants' motions to dismiss and they are **DENIED.**

---

**13.** The cases defendants cite are distinguishable. Unlike in *Hunter v. District of Columbia*, 384 F.Supp.2d 257 (D.D.C.2005), the potential actual damages here are not so limited so as to make clear that an award of punitive damages sufficient to meet the minimum amount in controversy requirement would necessarily run afoul of *State Farm*.