**DISSENT; Opinion Filed October 18, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00538-CV

**JERRY GRISAFFI, Appellant**
**V.**
**ROCKY MOUNTAIN HIGH BRANDS, INC. F/K/A REPUBLIC OF TEXAS BRANDS, INC., Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-15441**

## DISSENTING OPINION
Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Schenck

Our previous opinion's mandate remanded this case to the trial court for appellee Rocky Mountain to make an election of remedies between a monetary award and a declaratory judgment that the ten million shares of stock issued to Hilltop Trust and reissued to appellant Grisaffi were void *ab initio*. The issue in the first appeal was whether Rocky Mountain could obtain both forms of relief in this case and from this defendant. As the opinion laid out, the one-satisfaction or single-recovery rule requires a prevailing plaintiff to elect a single remedy to avoid a windfall. After determining return of the stock and damages paid for that stock

would remediate for the same injury, we concluded that Rocky Mountain could not have both forms of relief from Grisaffi in this case. Because that rule also applies to foreclose multiple recoveries against multiple defendants in the same or different cases, it should control the outcome here as well.

Contrary to the majority, I do not view our earlier mandate as vitiating the one-satisfaction rule or leaving the trial court with no choice but to render a judgment awarding damages to Rocky Mountain on remand when presented with proof that Rocky Mountain, after entry of the original judgment, had obtained return of the shares from a co-defendant in a severed action. *See Jefferson v. Geico Cty. Mut. Ins.*, No. 05-20-00067-CV, 2022 WL 3908547, at *3 (Dallas Aug. 31, 2022, no pet. h.) (mem. op.) (citing *Cessna Aircraft Co. v. Aircraft Network, LLC*, 345 S.W.3d 139, 144 (Tex. App.—Dallas 2011, no pet.)) (scope of appellate court's mandate determined with reference to both appellate court's opinion and mandate itself). Instead, the trial court was required only to *permit* Rocky Mountain to make that election. In my view, Rocky Mountain made that election when, after the entry of the judgment subject to the earlier appeal, it obtained a second judgment in another cause of action awarding to Rocky Mountain the declaratory relief that "the shares issued to Jerry Griasaffi" were void *ab initio*, such that the instant trial court's judgment awarding monetary damages to Rocky Mountain constitutes a double recovery.

–2–

While the parties before us now debate whether either of them should have disclosed the separate judgment in the earlier appeal, that debate could not have controlled our disposition of the judgment then on appeal. Because that judgment had already been rendered (with an appeal pending) *before* the separate Judgment was even entered, the latter judgment would not be part of the appellate record, and the trial court's failure to account for the latter could not amount TO error in any event.

Having already answered that Rocky Mountain could not have two recoveries from a single defendant and must make an election in that case, the question posed on remand was (and remains) whether the single-recovery rule permits multiple recoveries from different defendants in different cause numbers for a single injury. As we and other courts have repeatedly answered that question in the negative in other cases, I would adhere to those holdings. *E.g.*, *Stewart Title v. Sterling*, 822 S.W.2d 1, 6 (Tex. 1991) ("There is no reason we should allow a windfall double recovery in cases involving multiple defendants when double recovery is clearly prohibited against a single defendant."); *Byrd v. Woodruff*, 891 S.W.2d 689, 702 (Tex. App.—Dallas 1994, writ denied) (citing *Stewart Title*, 822 S.W.2d at 9).

Accordingly, I dissent from the majority's decision to affirm the trial court's judgment.

BACKGROUND

I find no fault with the majority's recitation of the facts and will only repeat those necessary for context and to explain the basis for my dissent.

Grisaffi is a former officer and director of Rocky Mountain. Grisaffi caused ten million shares of Series A Preferred Stock to be issued in the name of Hilltop Trust, a trust for the benefit of Grisaffi's children. He subsequently caused Hilltop Trust to request cancellation of the shares and to request transfer or reissuance of one million shares to himself. Grisaffi then sold those one million shares to LSW Holdings, LLC (LSW) for $3.5 million pursuant to an agreement that did not include Rocky Mountain. Grisaffi later resigned.

Rocky Mountain sued Grisaffi, asserting claims for breach of fiduciary duty, conversion, and fraudulent conveyances arising from, *inter alia*, the issuance of the Series A Preferred Stock. In the same lawsuit, Rocky Mountain also asserted claims against LSW and Lily Li (a managing member of LSW), among others. The trial court issued death-penalty discovery sanctions against Grisaffi, striking his pleadings; barring him from filing any further pleadings; and awarding Rocky Mountain a default judgment with respect to its claims against Grisaffi. The trial court also severed Rocky Mountain's claims against LSW, Li, and the other remaining defendants.

The trial court rendered a default judgment as to Grisaffi. In addition to other relief not at issue here, the judgment (1) ordered Rocky Mountain to recover from

–4–

Grisaffi the sum of $3.5 million "for funds obtained through fraud, breach of fiduciary duty and conversion with respect to Series A Preferred Stock" and (2) declared void *ab initio* and of no legal force or effect the "10,000,000 shares (later reissued as 1,000,000 shares) of Series A Preferred Stock in [Rocky Mountain] that were issued to Hilltop Trust and reissued to Jerry Grisaffi." That default judgment was rendered on August 30, 2018.

Grisaffi appealed to this Court, challenging only the relief granted, arguing that by both declaring the issuance of the Series A Preferred Stock void *ab initio* and awarding Rocky Mountain $3.5 million in monetary damages, the trial court's judgment contained an impermissible double recovery. We agreed with Grisaffi, and, after noting it was unclear which award would give Rocky Mountain the greater recovery, we remanded the case to the trial court for Rocky Mountain to make an election of remedies.

On remand, Rocky Mountain filed an Election of Remedies and Motion for Entry of Final Judgment, choosing "to recover an award of $3.5 million against Jerry Grisaffi" and moving for entry of a final judgment in accordance with our judgment. The trial court signed a final judgment as to Jerry Grisaffi, which omitted the declaration that the "10,000,000 shares (later reissued as 1,000,000 shares) of Series A Preferred Stock in [Rocky Mountain] that were issued to Hilltop Trust and reissued to Jerry Grisaffi" were void *ab initio* and of no legal force or effect. The

judgment otherwise awarded all the same relief as the Original Judgment, including the $3.5 million monetary award.

When Grisaffi filed post-judgment motions, the trial court held a status conference and ordered the parties to file a joint stipulation of facts. Among the facts stipulated by the parties was that in the severed action against LSW and Li, the trial court had awarded to Rocky Mountain the declaratory relief that the shares issued to Grisaffi and later sold by him to LSW were void *ab initio* and that Rocky Mountain recover, of and from LSW and Li, jointly and severally with Grisaffi, actual damages of $3.5 million for their knowing participation in Grisaffi's wrongful conduct. That judgment is dated August 12, 2019.

Grisaffi subsequently filed a motion for new trial based on the judgment and relief Rocky Mountain obtained against LSW and Li in the severed action during the pendency of the first appeal of this case, citing our previous opinion as support for his argument that Rocky Mountain could not recover both the $3.5 million award and the declaratory relief related to the stock issuance. When the trial court failed to reverse its judgment on remand, Grisaffi filed this appeal.

## DISCUSSION

The supreme court first articulated the one-satisfaction principle in *Bradshaw v. Baylor University*:

> It is a rule of general acceptation that an injured party is entitled to but one satisfaction for the injuries sustained by him. **That rule is in no sense modified by the circumstance that more than one**

–6–

**wrongdoer contributed to bring about his injuries.** There being but one injury, there can, in justice, be but one satisfaction for that injury.

*Sky View at Las Palmas, LLC v. Mendez*, 555 S.W.3d 101, 107 (Tex. 2018) (quoting *Bradshaw v. Baylor Univ.*, 84 S.W.2d 703, 705 (1935)) (emphasis added). Our previous opinion explained that awarding to Rocky Mountain both a monetary award of $3.5 million for the stock Grisaffi wrongfully caused to be issued and declaratory relief voiding *ab initio* the issuance of that same stock constituted a double recovery in violation of that rule. *See Grisaffi v. Rocky Mountain High Brands, Inc.*, No. 05-18-01020-CV, 2020 WL 948377, at *4 (Tex. App.—Dallas Feb. 27, 2020, no pet.) (mem. op.).

The majority concludes the trial court's judgment does not contain the same double-recovery problem we previously identified. In support of this conclusion, the majority reasons that our previous mandate did not permit the trial court to re-litigate the existence or amount of damages caused by Grisaffi's conduct and instead only permitted the trial court to allow Rocky Mountain to choose between the monetary award and the declaratory relief. I disagree.

Nothing in either our mandate or our opinion purported to address the effect of any actions or judgments in any other case as to any other party. Indeed, it could not have had that effect with respect to the case (and judgment) involving LSW and LI, as that judgment had not been rendered at the time of judgment then on appeal. Gristafi could not have asserted the trial court's failure to recognize it as error or to seek relief on that basis. *See Nw. Indep. Sch. Dist. v. Carroll Indep. Sch. Dist.*, 441

–7–

S.W.3d 684, 692 (Tex. App.—Fort Worth 2014, pet. denied). The appellate record on review from a default judgment such as this[1] is limited to what was before the trial judge at the time he entered judgment. *Armstrong v. Minshew*, 768 S.W.2d 883 (Tex. App.—Dallas 1989, no writ); *see also Armendariz v. Barragan*, 143 S.W.3d 853, 856 (Tex. App.—El Paso 2004, no pet.). Because the second judgment had not been rendered, much less shown of record in this case at the time of the original judgment, this Court could not have properly considered, much less directed relief, on this basis on the first appeal. At most, the Court might have provided suggestions in *dicta* to direct the trial court to continue to adhere to the single-recovery rule going forward.[2]

And, regardless of the scope of the first appeal, the scope of our mandate is determined by reference to the Court's opinion. *See Jefferson*, 2022 WL 3908547, at *3 (citing *Cessna Aircraft Co.*, 345 S.W.3d at 144) (scope of appellate court's mandate). That opinion set forth the context of the facts of this case and made it clear that Rocky Mountain suffered a single injury from Grisaffi's actions and that "the pleadings [did] not establish how Rocky Mountain was injured by Grisaffi's sale to LSW of the Series A Preferred stock Grisaffi had acquired." *See Grisaffi*, 2022 WL 948377, at *3. The corollary to this conclusion is that there is nothing to

---

[1] *See also Perry Homes v. Cull*, 258 S.W.3d 580 n.89 (Tex. 2008) (motion to compel arbitration); *David Powers Homes v. Rendleman Co.*, 355 S.W.3d 327 n.2 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (summary judgment).

[2] This is not to suggest, as a general matter, that counsel should not endeavor at all times to inform this and other courts of potentially material matters.

establish that LSW's or Li's actions in purchasing this stock caused a separate injury to Rocky Mountain. Having already answered that Rocky Mountain could not have both cancellation of the stock issuance and return of its purchase price from a single defendant, I see no basis in the law (or our earlier mandate) suggesting that it might recover twice *but from different defendants*.

Thus, I disagree with the majority opinion that the double-recovery problem does not exist where Rocky Mountain obtained the same relief in two separate actions against two sets of defendants for the same injury. This is simply a rejection of the ancient one-satisfaction rule as our supreme court recognized in *Sky View*. *See Sky View*, 555 S.W.3d at 107; *Stewart Title*, 822 S.W.2d at 6; *see also Janusz v. City of Chicago*, 832 F.3d 770 (7th Cir. 2016) (summary judgment affirmed in federal case where defendant established plaintiff already recovered for same injury in state court action); *Yates v. Nimeh*, 486 F. Supp. 2d 1084, 1087 (N.D. Cal. 2007) (discussing California single satisfaction rule requiring reduction of others' liability where satisfaction received from one defendant); *E.A. Prince & Son, Inc. v. Selective Ins. Co. of Se.*, 818 F. Supp. 910, 916 (D.S.C. 1993) (discussing South Carolina law allowing recovery of multiple judgments, but allowing only one satisfaction of damages assessed in those judgments); *Gionfriddo v. Gartenhaus Café*, 557 A.2d 540, 542–43 (Conn. 1989) (double recovery via multiple judgments is foreclosed by rule that only one satisfaction may be obtained for loss that is subject of two or more judgments).

Accordingly, I would conclude that the trial court had before it conclusive evidence that Rocky Mountain had already elected its remedy and obtained one satisfaction of its injury when it obtained the judgment in the severed action against LSW and Li. Therefore, the only judgment the trial court could sign was one that omitted both the declaratory relief and the monetary award.

### CONCLUSION

Civil judgments assure a prevailing plaintiff of the greatest lawful recovery available for a compensable injury, but not a duplicative windfall. This is what separates courts from lotteries and game shows. In light of the parties' stipulations and this Court's previous opinion and mandate limiting Rocky Mountain to a single recovery for its injury, I would hold the trial court was bound by the one-satisfaction rule and prohibited from signing a judgment that awards to Rocky Mountain a double recovery albeit from different parties. Because the majority concludes otherwise and affirms the trial court's judgment, I dissent.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

200538DF.P05

–10–