110 F.3d 68
 RICO Bus.Disp.Guide 9286
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
JOHN PAUL MITCHELL SYSTEMS, a California corporation;
Maly's of California, Inc., a California
corporation, Plaintiffs-Appellants,
v.
Rod ESLAMI, individually, d/b/a as "Revolving Door Hair
Salon"; Robin Okman, individually; Young Hee
Previtali, individually, d/b/a You & Me
Beauty Salon, Defendant-Appellees.
JOHN PAUL MITCHELL SYSTEMS, a California corporation;
Maly's of California, Inc., a California
corporation, Plaintiffs-Appellees,
v.
Rod ESLAMI, as himself, and d/b/a the Revolving Door,
Defendant-Appellant,
and
Robin Okman, Defendant.
 Nos. 95-55820, 95-55856.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 6, 1997.
Decided March 26, 1997.
 
 1
 Before: FLETCHER and TROTT, Circuit Judges, and JENKINS,* District Judge.
 
 
 2
 MEMORANDUM**
 
 OVERVIEW
 
 3
 Plaintiffs, John Paul Mitchell Systems ("JPMS") and Maly's of California, Inc. ("Maly's"), appeal from the district court's order dismissing with prejudice their claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), denying recovery of damages on their state law fraud claims, denying their request for punitive damages, and denying their request for a permanent injunction (No. 95-55820). The defendant, Rod Eslami, cross-appeals from the district court's order granting JPMS and Maly's summary judgment on their breach of contract claim and awarding liquidated damages of $25,000 plus attorney's fees and costs (No. 95-55856).[1]
 
 
 4
 Because the plaintiffs have failed to establish that they have suffered any compensable injury, the district court appropriately dismissed the RICO claim, denied recovery on the fraud claim, and rejected the request for punitive damages. In addition, plaintiffs' failure to show that equitable relief was warranted justified the district court's denial of their request for a permanent injunction. Similarly, the defendant has failed to show that any issue of material fact existed on the breach of contract issue. Accordingly, the orders of the district court are affirmed in all respects.
 
 FACTUAL BACKGROUND
 
 5
 JPMS develops and distributes "Paul Mitchell" hair care products to hair salons around the world. These products are distributed exclusively to professional hair salons that sell the products to their customers. JPMS utilizes several regional distributors to help in this process. Maly's is the exclusive Los Angeles area distributor of "Paul Mitchell" products. Any hair salon that wishes to sell "Paul Mitchell" products is required to enter into a written agreement with Maly's and JPMS in which the salon, in consideration for the right to sell "Paul Mitchell" products, agrees to sell the products only to "the intended user and consumer of the products, and will not, ... sell the products to any person [who] ... intends to resell the product to someone else." In addition, the final provision of the agreement contains a liquidated damage clause that states that JPMS and Maly's "shall be entitled to damages of at least $25,000.00 as well as reasonable attorney fees and costs incurred as a result of having to enforce this agreement."
 
 
 6
 Defendant Rod Eslami, owner of the Revolving Door Hair Salon, entered into such a written agreement with JPMS and Maly's. Beginning in February 1993, and continuing until approximately September 1993, Eslami, with the help of a Maly's salon representative, submitted orders for large quantities of "Paul Mitchell" products in the name of fictitious as well as some actual hair salons. The products were delivered to and paid for by Eslami. Eslami then diverted these goods to several different known resellers, including Quality King Distributors. Eventually, JPMS and Maly's discovered this practice and discontinued all sales and shipments to Eslami.
 
 
 7
 On April 14, 1994, plaintiffs, JPMS and Maly's, filed a complaint against Eslami and others in the District Court for the Central District of California alleging, among other things, violations of RICO and various state law claims, including breach of contract, fraud, and negligent misrepresentation. Plaintiffs filed a Motion for Summary Judgment on February 10, 1995. On March 17, 1995, the district court entered an order granting the motion for liability on the breach of contract claim, and for liability on the RICO and fraud claims, except as to the issue of damages. The court also denied plaintiffs' request for all other remedies, including punitive damages and a permanent injunction. Plaintiffs were given leave to file a supplemental motion on the damages issues, which they did on March 27, 1995.
 
 
 8
 By order dated April 26, 1995, the district court awarded the plaintiffs liquidated damages of $25,000 plus attorney's fees and costs on the breach of contract claim. Finding that the plaintiffs had not demonstrated any "out-of-pocket" or any other similar loss, the court denied any recovery on the fraud claim. Similarly, the court dismissed the RICO claim with prejudice "because the plaintiffs ha[d] not proven a compensable injury." The court also denied plaintiffs' request for punitive damages and the request for a permanent injunction under the California Business and Professions Code. Plaintiffs then filed a Motion for Reconsideration that was denied on June 21, 1995.
 
 STANDARD OF REVIEW
 
 9
 We review a district court's decision granting or denying summary judgment de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996). We must determine, viewing the evidence in the light most favorable to the non-moving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id. We also review a district court's interpretation of state law under the same independent de novo standard as questions of federal law. Stanford Ranch, Inc. v. Maryland Cas. Co., 89 F.3d 618, 624 (9th Cir.1996).
 
 DISCUSSION
 A. Dismissal of the RICO and Fraud Claims
 
 10
 We have often stated that not all injuries are compensable under RICO. Imagineering, Inc. v. Kiewit Pacific Co., 976 F.2d 1303, 1310 (9th Cir.1992) (citing cases), cert. denied, 507 U.S. 1004 (1993). To recover under a RICO claim, a plaintiff is required to show that it has suffered a "concrete financial loss, and not mere 'injury to a valuable intangible property interest.' " Oscar v. University Students Coop. Ass'n, 965 F.2d 783, 785 (9th Cir.) ( en banc ) ( quoting Berg v. First State Ins. Co., 915 F.2d 460, 464 (9th Cir.1990) (citations omitted)), cert. denied, 506 U.S. 1020 (1992). "Absent a showing sufficient to establish the existence of actual injury, summary judgment is required." Berg, 915 F.2d at 464 (citations and internal quotation omitted).
 
 
 11
 In this case, plaintiffs have failed to show that they have suffered any tangible financial loss. Despite Eslami's wrongful conduct, both JPMS and Maly's were put in as good a position as if Eslami had fully performed under the agreement. Eslami paid in full for each and every shipment he received. Although JPMS and Maly's argue that the sales made to the diversion market ultimately had a negative impact on sales to other salons, they failed to offer even a scintilla of evidence to support this argument. Furthermore, their claimed losses to "goodwill" and "business reputation," in addition to being highly speculative, are not supported by any factual proof and are not the type of injuries compensable under RICO. See, e.g., In re Teledyne Defense Contracting Derivative Litig., 849 F.Supp. 1369, 1372 n. 1 (C.D.Cal.1993) (dismissing RICO claims noting that injuries to "business reputation" are not cognizable under RICO); cf. Berg, 915 F.2d at 464. There has been no factual showing that JPMS or Maly's have suffered an actual concrete loss due to Eslami's conduct. Accordingly, the district court appropriately dismissed plaintiffs' RICO claim.
 
 
 12
 The rationale supporting dismissal of plaintiffs' RICO claim is equally applicable to the district court's decision not to award damages for fraud. Under California law, a cause of action for fraud requires that the plaintiff suffer compensable damages. See, e.g., Alliance Mortgage Co. v. Rothwell, 900 P.2d 601, 609 (Cal.1995) (to recover on fraud claim plaintiff must suffer actual monetary loss); Kaiser Cement Corp. v. Fischbach and Moore, Inc., 793 F.2d 1100, 1104 (9th Cir.) (injury to plaintiff is the " sine qua non " of recovery for fraud and RICO), cert. denied, 479 U.S. 949 (1986).
 
 
 13
 In an action for fraud the general test for damages is prescribed by statute: "One defrauded in the ... sale or exchange of property is entitled to recover the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received...." Cal.Civ.Code § 3343(a). This measure of damages is known as the "out-of-pocket" rule and is the exclusive measure for fraud damages in California. See Alliance, 900 P.2d at 609. But see Stout v. Turney, 586 P.2d 1228, 1232 (Cal.1978) (stating that an exception to the § 3343 "exclusive" standard arises in cases of fraudulent fiduciaries). Thus, to establish a common-law cause of action for fraud in the sale of property not involving a fiduciary relationship, the seller must offer evidence that the price he or she received for the property was less than the actual value of the property. The plaintiffs failed to show that they suffered any damages as measured by the "out-of-pocket" rule. There is no indication in the record that JPMS or Maly's received anything less than the actual value of the "Paul Mitchell" products when they sold to Eslami. Accordingly, the district court properly denied the plaintiffs any recovery on their fraud claim.
 
 
 14
 C. Punitive damages.
 
 
 15
 Under California law, punitive damages will not be awarded absent a finding of some compensable damages. See, e.g., Cheung v. Daley, 42 Cal.Rptr.2d 164, 166-167 (Cal.Ct.App.1995) (holding that despite a finding that defendant acted with fraud, under Cal.Civ.Code § 3294(a) punitive damages will not be awarded absent a finding of compensable damages). " 'The foundation for the recovery of punitive or exemplary damages rests upon the fact that substantial damages have been sustained by the plaintiff.... Actual damages must be found as a predicate for exemplary damages.... Evil thoughts or acts, barren of result, are not the subject of exemplary damages.' " Id. at 165 (quoting Mother Cobb's Chicken T., Inc. v. Fox, 73 P.2d 1185, 1186 (Cal.1937) (en banc)). This sentiment has been restated repeatedly by the California Supreme Court. See, e.g., Potter v. Firestone Tire & Rubber Co., 863 P.2d 795, 821 (Cal.1993) (in bank) ("[P]unitive damages sometimes may be assessed ... under Civil Code section 3294, so long as 'actual, substantial damages' have been awarded.") (internal citations omitted); Kizer v. County of San Mateo, 806 P.2d 1353, 1357 (Cal.1991) (in bank) ("In California, as at common law, actual damages are an absolute predicate for an award of exemplary or punitive damages.").
 
 
 16
 As previously demonstrated, JPMS and Maly's failed to show that they suffered any actual damages as a result of Eslami's fraudulent acts. Accordingly, the district court correctly ruled that punitive damages were not warranted under California law.
 
 
 17
 D. Injunctive Relief under California's Unfair Business Practices Act
 
 
 18
 Plaintiffs claim that the district court erred in denying them injunctive relief under the California Unfair Business Practices Act ("UBPA"). The UBPA permits a court to enjoin any person who has engaged in any unlawful, unfair, or fraudulent business practice or act. Cal.Bus. & Prof.Code § 17203. The UBPA is intended to protect business competitors as well as consumers. Tippett v. Terich, 44 Cal.Rptr.2d 862, 875 (Cal.Ct.App.1995). One of the necessary elements required in order to obtain injunctive relief under the UBPA is a showing that "members of the public are likely to be deceived" by the claimed unlawful business practice. Id. ( quoting Committee on Children's Television, Inc. v. General Foods Corp., 673 P.2d 660, 668 (Cal.1983)).
 
 
 19
 JPMS and Maly's have not made any showing of how Eslami's practice of reselling "Paul Mitchell" products deceived the general public. Nor have they made any showing of how an injunction would protect against acts which have long since ceased. It is wholly within JPMS's and Maly's power to stop Eslami from ever engaging in this wrongful conduct again. They are the only entities that can sell Eslami the product. If they do not sell to Eslami, he can never again divert the product to resellers. Thus the district court correctly denied the plaintiffs' request for injunctive relief under the UBPA.
 
 E. Defendant's Cross-Appeal
 
 20
 Eslami's limited cross-appeal challenges the district court's determination that as a matter of law the plaintiffs were entitled to liquidated damages for breach of contract totaling $25,000.00 plus reasonable attorney's fees and costs. We have no doubt that the district court's determination was correct.
 
 
 21
 Implicit in the court's ruling are three findings: (1) that an enforceable agreement existed between the parties; (2) that the agreement contained an enforceable provision calling for liquidated damages in the event of a breach; and (3) that the defendant breached the agreement. There is no genuine dispute over these findings. The record amply demonstrates the existence of the contract and its liquidated damages clause--a fact Eslami does not challenge. Nor does Eslami challenge the validity of the liquidated damages clause itself. His only challenge is an unavailing argument that he did not breach the agreement because he did not "sell" any "Paul Mitchell" products in violation of the agreement, but rather, he merely "purchased" or "re-sold" them. This argument is without merit.[2] In the agreement, Eslami agreed that he would " only sell Paul Mitchell ... products to the intended user and consumer of the products," and that he would not sell the products to any person who "intends to resell the products to someone else." (Emphasis original). This clear language advised Eslami that he could not sell "Paul Mitchell" products to anyone who would resell them. The uncontroverted evidence indicates that, after signing this agreement, Eslami sold "Paul Mitchell" products to Quality King Distributors, a wholesaler and known reseller. By doing so, Eslami clearly breached the agreement.
 
 
 22
 California law contains a general rule favoring the enforcement of liquidated damages provisions in breach of contract actions. California Civil Code section 1671(b) states that "a provision in a contract liquidating the damages for the breach of the contract is valid unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made." Eslami has made no such showing. Thus, the district court was correct when it granted JPMS and Maly's summary judgment on their breach of contract claim and awarded liquidated damages as specified in the agreement.
 
 CONCLUSION
 
 23
 Plaintiffs, JPMS and Maly's, have failed to establish that they have suffered any compensable injury due to Eslami's fraudulent activity and they have failed to show how the public was deceived by Eslami's fraudulent acts. Similarly, defendant Eslami has failed to show that any genuine issue of material fact exists on the breach of contract issue. Accordingly, the district court's orders awarding the plaintiffs liquidated damages, dismissing plaintiffs' RICO claim, denying recovery on plaintiffs' fraud claim, and denying plaintiffs' request for punitive damages and injunctive relief are AFFIRMED.[3]
 
 
 
 *
 The Honorable Bruce S. Jenkins, Senior United States District Judge for the District of Utah, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The judgment entered against Eslami under the liquidated damage provision totaled $83,402.00 plus costs and interest as allowed
 
 
 [2]
 Eslami's only other argument--that he was forced to sign the agreement against his will--is equally without merit. JPMS and Maly's required all salons, as consideration for the right to sell "Paul Mitchell" products, to sign the very same agreement Eslami signed. Eslami's allegation that he was induced to sign the agreement because he was told he would no longer receive "Paul Mitchell" products if he did not, does not amount to a claim of duress
 
 
 [3]
 Eslami's claim that once the district court dismissed the RICO claim it was without jurisdiction to rule on the state law claims is unavailing. The district court's supplemental jurisdiction over these claims was not lost because the court ultimately concluded that the federal claim was without merit. See 28 U.S.C. § 1367(c)(3) (district court " may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction") (emphasis added)